896 F.Supp. 18 (1995)
Eileen ROBBINS, Plaintiff,
v.
The BUREAU OF NATIONAL AFFAIRS, INC., Defendant.
Civ. A. No. 95-685 (JHG).
United States District Court, District of Columbia.
August 15, 1995.
*19 Alan Lescht, Reid & Priest, Washington, DC, Louis Ginnsberg, The Ginnsberg Law Firm, New York City, for plaintiff.
Karen Anne Post, Dow, Lohnes & Albertson, Washington, DC, for defendant.

MEMORANDUM OPINION AND ORDER
JOYCE HENS GREEN, District Judge.
Following the termination of her employment while on maternity leave, plaintiff, Eileen Robbins, initiated this action against defendant, The Bureau of National Affairs, Inc. ("BNA"), pursuant to the Family and Medical Leave Act ("FMLA"), codified at 29 U.S.C. § 2601 et seq. Plaintiff asserts that defendant violated the FMLA when it willfully denied plaintiff her right to be restored to her previous position or an equivalent one upon her return from leave.
Presently pending is defendant's motion to dismiss or, in the alternative, for summary judgment. Fed.R.Civ.P. 12(b)(6), 56. For the reasons expressed below, defendant's motion will be treated as one for summary judgment and granted.

I. Background

In July 1990, Ms. Robbins began employment with BNA, a company that publishes treatises and journals on employment law. Her first position was in the Telecom Department, and two years later she moved to a division called BNA Plus. On June 13, 1993, plaintiff was granted and commenced maternity leave. She returned to BNA six months later. At this point, plaintiff held a Grade 9 position.
Toward the end of February 1994, plaintiff was pregnant and wished to take another six-month maternity leave commencing July 1, 1994. She advised her supervisor, Deborah Kramer, of this fact shortly thereafter. Ms. Robbins never indicated that she intended to take this leave pursuant to the FMLA.[1] According to the regulations promulgated pursuant to the FMLA, however, she was not required to do so.[2] Plaintiff now contends that she took FMLA leave. Robbins Aff. ¶¶ 7, 8. Neither Ms. Kramer, nor any other BNA employee, made further inquiries regarding the source of plaintiff's leave. It is BNA's position that the leave was granted pursuant to corporate policy due to Ms. Robbins ineligibility for FMLA leave. Defendant's Motion To Dismiss, or, In the Alternative, For Summary Judgment ("Motion") at 2-3.
Whatever its source, plaintiff's six-month leave commenced on July 1, 1994. On October 13, Ms. Kramer telephoned plaintiff at home and requested her presence at a meeting the following day. At this meeting, Mary Kelly, a BNA executive, informed plaintiff that she was being terminated. Ms. Kelly discussed alternative positions at BNA with Ms. Robbins. These alternative positions  all with lower grades and lower salaries  failed to materialize and the positions were never offered to plaintiff.
On April 10, 1995, Ms. Robbins filed a one-count complaint in this Court. She alleges that BNA violated the FMLA by denying her right to be restored to the same or an equivalent position upon return from leave. She *20 seeks back pay, front pay, and all benefits with interest, punitive and compensatory damages and reinstatement to her former position or an equivalent position at BNA.

II. Discussion

A. The Standard of Review
Summary judgment[3] is appropriate when there is "no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). "The inquiry performed is the threshold inquiry of determining whether there is a need for trial  whether, in other words, there are any genuine issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). In considering a motion for summary judgment, the "evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Id. at 255, 106 S.Ct. at 2513. At the same time, however, Rule 56 places a burden on the nonmoving party to "go beyond the pleadings and by her own affidavits, or by the `depositions, answers to interrogatories, and admissions on file,' designate `specific facts showing that there is a genuine issue for trial.'" Celotex Corp. v. Catrett, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

B. Defendant's Motion
BNA argues that Ms. Robbins cannot sustain her claim under the FMLA because she was not eligible for FMLA leave. Ms. Robbins, in contrast, avers that she was eligible for FMLA leave, but even if she was not, BNA is estopped from challenging her eligibility for such leave. These issues will be addressed in turn.

1. Eligibility for FMLA leave
The FMLA was enacted to balance the demands of the workplace with the needs of families in a manner that minimizes the potential for gender-based employment discrimination by ensuring that leave is available for eligible medical reasons (including maternity related disability) and for compelling family reasons on a gender-neutral basis. 29 U.S.C. § 2601(b). To achieve this goal, the FMLA, with certain exceptions, provides eligible employees the right to reinstatement to their former position or an equivalent one with the employer at the conclusion of the approved leave.[4]
The FMLA does not, however, provide leave to every employee. To be eligible for leave under FMLA, an employee must meet two criteria: (1) the employee must have been employed by the employer from whom leave is requested for at least 12 months from the date the leave commences; and (2) he or she must have provided the employer with at least 1250 "hours of service" during the previous 12-month period. 29 U.S.C. § 2611(2).[5]
Critical to the instant case is the proper measure by which to determine whether an employee has provided 1250 "hours of service." In this regard, the FMLA instructs that "hours of service" must be determined by the same principles used in the Fair Labor Standards Act ("FLSA"), codified at 29 U.S.C. § 207, and by regulations created pursuant to that act, to determine "hours of *21 work" for payment of overtime compensation. 29 U.S.C. § 2611(2)(C).[6]
Under FLSA standards, an employee only gets credit toward the FMLA "hours of service" requirement if the employee actually worked the hours in question. The FLSA clearly states that "payments made for occasional periods when no work is performed due to vacation, holiday, illness ... and other similar causes" are not considered compensation for "hours of employment."[7] 29 U.S.C. § 207(e)(2). Similarly, payments  "approximately equivalent to the employee's normal hourly rate"  made for comparable periods are not compensation for "hours of work". 29 C.F.R. § 778.218.
Applying these standards to the FMLA, paid vacation and sick time are not considered "hours of service" within the meaning of 29 U.S.C. § 2611(2)(C). If paid leave is not considered "hours of work", it follows logically that unpaid leave should not be considered "hours of work," as well.[8]
BNA contends that Ms. Robbins was not eligible for FMLA leave on July 1, 1994, because she worked only 875.75 hours in the preceding 12 months. Motion at 2-3; Driscoll Aff. ¶ 3. Therefore, defendant argues, plaintiff has no right to reinstatement. Plaintiff disputes BNA's calculation of 875.75 "hours worked". She contends that paid holiday time, vacation time, sick leave, and her 1993 unpaid maternity leave should all be included in the calculation of her "hours of service." Plaintiff's Opposition To Motion at 6. Yet, according to the clear language of the FLSA and its regulations, neither paid leave nor unpaid leave are included in any calculation of "hours of service" under the FMLA. Therefore, having only worked 875.75 hours in the 12 months preceding July 1, 1994, plaintiff did not meet the requirements of 29 U.S.C. § 2611(2) and was not eligible for FMLA leave.

2. Estoppel
The current FMLA regulations provides:
If an employee notifies the employer of need for FMLA leave before the employee meets these eligibility criteria, the employer must either confirm the employee's eligibility ... or must advise the employee when the eligibility requirement is met. If the employer confirms eligibility at the time the notice for leave is received the employer may not subsequently challenge the employee's eligibility ... If the employer fails to advise the employee whether the employee is eligible prior to the date the requested leave is to commence, the employee will be deemed eligible. The employer may not, then, deny the leave.
29 C.F.R. § 825.110 (emphasis added). Plaintiff argues that she should be "deemed eligible" for FMLA leave because defendant failed to comply with this provision. BNA contends that Ms. Robbins has "misinterpreted" and "miscited" this regulation. Reply In Support of Motion ("Reply") at 5. In reality, plaintiff relies upon the 1995 regulation and attempts to apply it retroactively.
The law on this matter is well settled. Regulations, like statutes, cannot be applied retroactively absent express direction to do so. In Bowen v. Georgetown University Hospital, 488 U.S. 204, 109 S.Ct. 468, 102 L.Ed.2d 493 (1988), the Supreme Court confirmed its longheld presumption against retroactive *22 legislation  by statute or regulation  stating:
Thus, congressional enactments and administrative rules will not be construed to have retroactive effect unless their language requires this result. By the same principle, a statutory grant of legislative rulemaking authority will not, as a general matter, be understood to encompass the power to promulgate retroactive rules unless that power is conveyed by Congress in express terms.
Id. at 208, 109 S.Ct. at 471-72. See, e.g., Greene v. United States, 376 U.S. 149, 160, 84 S.Ct. 615, 622, 11 L.Ed.2d 576 (1964) ("it would be unjustifiable" to apply a regulation retroactively just as it would be a statute); Claridge Apartments Co. v. Commissioner, 323 U.S. 141, 164, 65 S.Ct. 172, 185, 89 L.Ed. 139 (1944) ("retroactivity, even where permissible, is not favored except upon the clearest mandate"); Miller v. United States, 294 U.S. 435, 439, 55 S.Ct. 440, 441, 79 L.Ed. 977 (1935) ("an administrative regulation which has the effect of creating an obligation, cannot be construed to operate retroactively unless the intention to that effect unequivocally appears"); Union Pac. R.R. Co. v. Laramie Stock Yards Co., 231 U.S. 190, 199, 34 S.Ct. 101, 102, 58 L.Ed. 179 (1913) ("the first rule of construction is that legislation must be considered as addressed to the future, not to the past ... unless such be the unequivocal and inflexible import of the terms, and the manifest intention of the legislature" in order to prevent "assigning effect to conduct which it did not have when performed").
In Bowen, the question presented was whether the Secretary of Health and Human Services could promulgate cost limits that would apply retroactively. The Supreme Court held that he could not because the statutory provisions establishing his general rulemaking power "contain no express authorization of retroactive rulemaking." Bowen, 488 U.S. at 213, 109 S.Ct. at 474. In 1994, the Supreme Court affirmed its commitment to Bowen by holding in Landgraf v. USI Film Products, ___ U.S. ___, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994), that the Civil Rights Act of 1991 did not apply to a case pending on appeal at the time the Act became law. Although Landgraf concerned retroactive application of a statute, the Court disapproved of the retroactive application of regulations as well. Id. at ___, 114 S.Ct. at 1500 (In Bowen, "our search for clear congressional intent authorizing retroactivity was consistent with the approach taken in decisions spanning two centuries."); see Health Ins. Ass'n of Am., Inc. v. Shalala, 23 F.3d 412, 423 (D.C.Cir.1994). ("Interpretive rules, no less than legislative rules, are subject to Bowen's ban on retroactivity.").
Plaintiff relies on the current regulations regarding appropriate notice for foreseeable leave promulgated January 6, 1995. Although these rules became effective on February 6, 1995, 60 Fed.Reg. 2180 (1995), a plain statement of the effective date of a regulation or a statute "does not even arguably suggest that it has any application to conduct that occurred at an earlier date." Landgraf, ___ U.S. at ___, 114 S.Ct. at 1493. Therefore, this regulation did not apply in February 1994 when plaintiff requested leave unless there is some express indication that the new regulations are to have retroactive application.
Nothing in the FMLA or the new regulations, however, suggests that the 1995 version of 29 C.F.R. § 825.110 should be applied retroactively. Where, as here, Congress does not instruct either for or against retroactivity, courts are to adhere to the presumption against retroactivity. As the Supreme Court observed, it is unfair to impose new burdens after the fact:
Elementary considerations of fairness dictate that individuals should have an opportunity to know what the law is and to conform their conduct accordingly; settled expectations should not be lightly disrupted.
Landgraf, ___ U.S. at ___, 114 S.Ct. at 1497.
In sum, Ms. Robbins asks this court to hold BNA to procedures established by regulations which were not in effect at the time she requested maternity leave. In February 1994, defendant was not required to confirm plaintiff's eligibility or predict when she *23 would become eligible.[9] The 1995 regulation is more comprehensive and thorough than the earlier version; it eliminates potential conflicts regarding FMLA eligibility (as illustrated by the instant case), and creates new duties and obligations, as well as penalties for an employer who fails to comply. Nevertheless, it would be unfair and unjust to require defendant to comply with regulations and procedures which did not exist when plaintiff requested maternity leave. Therefore, applying the regulation in effect in February 1994, defendant is not estopped from challenging plaintiff's eligibility for FMLA leave.

III. Conclusion

For the reasons set forth above, Ms. Robbins was not eligible for FMLA leave and BNA is not estopped from challenging her eligibility. Accordingly, it is hereby
ORDERED that defendant's motion for summary judgment is GRANTED.
IT IS SO ORDERED.
NOTES
[1] The FMLA provides, in pertinent part:

an eligible employee shall be entitled to a total of 12 workweeks of leave during any 12-month period for one or more of the following:
(A) Because of the birth of a son or daughter of the employee and in order to care for such son or daughter.
(B) Because of the placement of a son or daughter with the employee for adoption or foster care.
(C) In order to care for the spouse, or a son, daughter, or parent, of the employee, if such spouse, son, daughter, or parent has a serious health condition.
(D) Because of a serious health condition that makes the employee unable to perform the functions of the position of such employee.
29 U.S.C. § 2612(a)(1).
[2] The regulations promulgated pursuant to the FMLA provide:

An employee need not expressly assert rights under the FMLA or even mention the FMLA, but may only state that leave is needed for an expected birth or adoption, for example. The employer should inquire further of the employee if it is necessary to have more information about whether FMLA leave is being sought by the employee, and obtain the necessary details of the leave to be taken.
29 C.F.R. § 825.302.
[3] Because matters outside the pleadings will be considered in resolving this motion, it must be treated as a motion for summary judgment. See Fed.R.Civ.P. 12(b).
[4] The FMLA reads in pertinent part:

(1) ... any eligible employee who takes leave under section 2612 of this title for the intended purpose of the leave shall be entitled, on return from such leave:
(A) to be restored by the employer to the position of employment held by the employee when the leave commenced; or
(B) to be restored to an equivalent position with equivalent employment benefits, pay, and other terms and conditions of employment.
29 U.S.C. § 2614(a)(1).
[5] An eligible "eligible employee" is defined as an employee who has been employed:

(i) for at least 12 months by the employer with respect to whom leave is requested under section 2612 of this title; and
(ii) for at least 1,250 hours of service with such employer during the previous 12-month period.
29 U.S.C. § 2611(2)(A).
[6] The FMLA provides: "For purposes of determining whether an employee meets the hours of service requirement specified in subparagraph (A)(ii), the legal standards established under section 207 of this title (FLSA) shall apply." 29 U.S.C. § 2611(2)(C).
[7] The FMLA uses the term "hours of service." 29 U.S.C. § 2611(2)(A)(ii). The FLSA refers to "hours of employment," 29 U.S.C. § 207(e)(2), and the regulations promulgated pursuant to the FLSA refer to "hours of employment," "hours worked" and "hours of work." 29 C.F.R. §§ 778.216, 785.1-.9. Although not clear, these terms appear to be interchangeable.
[8] Unpaid leave is not expressly addressed in the FMLA, FLSA or their 1994 regulations. It is discussed in the opening statements of the FMLA regulations promulgated January 6, 1995, which clarify that "hours worked" does not include "time paid but not worked (paid vacation, personal or sick leave, holidays), nor does it include unpaid leave (of any kind) or periods of layoff. Whether the hours are compensated or uncompensated is not determinative for purposes of FMLA's 1250 hours of service test." 60 Fed.Reg. 2180, 2186 (1995). For reasons explained infra, this more comprehensive definition of "hours worked" will not be used here in this case.
[9] The regulations effective in February 1994 impose no such burden on an employer:

If an employee notifies the employer of need for FMLA leave before the employee meets these eligibility criteria, the employer may confirm the employee's eligibility based upon a projection that the employee will be eligible on the date leave would commence or may advise the employee when the eligibility requirement is met. In the former case, the employer may not subsequently challenge the employee's eligibility and provided the other requirements of these regulation are met, the employee will have satisfied the notice requirements even if not yet eligible for FMLA benefits.
29 U.S.C. § 825.110 (emphasis added).