**Lori MION, Plaintiff,**

**v.**

**AFTERMARKET TOOL & EQUIPMENT GROUP, Defendant.**

**No. 4:97–CV–25.**

United States District Court,
W.D. Michigan,
Southern Division.

Nov. 4, 1997.

Paul Theodore Vlachos, Vlachos & Vlachos, PC, Kalamazoo, MI, for Plaintiff.

Lori Mion, Kalamazoo, MI, pro se.

Kevin M. McCarthy, James B. Thelen, Miller, Canfield, Paddock & Stone, Kalamazoo, MI, for Defendant.

## OPINION

QUIST, District Judge.

Plaintiff Lori Mion ("Mion") filed this action alleging wrongful denial of leave and failure to notify her of her rights in violation of the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. §§ 2601–2654. Mion's former employer, Defendant Aftermarket Tool & Equipment Group ("Aftermarket"), has moved for summary judgment on the following grounds: Mion was not eligible for the denied leave; she waived her right to sue; and Aftermarket did not violate any applicable FMLA notice requirement.

## Facts

Mion began working for Aftermarket in October 1993 as a dispatcher. On September 13, 1994, Mion requested leave from work and disability benefits to take bed rest due to complications with her pregnancy. Aftermarket granted her request. Mion gave birth on December 23, 1994. Mion requested, and Aftermarket granted, additional leave and disability pay to recover from her caesarean section through February 27, 1995.

In early January 1995, Mion called both her supervisor, Denise Vincent ("Vincent"), and one of Aftermarket's benefits representatives, Chris Chapman ("Chapman"), to discuss the possibility of additional leave after February 27, 1995, to care for her children. Mion claims that Chapman promised to send her a package of information and forms on family medical leave but that she never received such a package. On Vincent's advice, on or about February 3, 1995, Mion submitted a written request for thirty days' additional leave and a part-time arrangement thereafter.

On or about February 17, 1995, Vincent called Mion to discuss her request. Mion claims that Vincent gave her only three options: to return full-time, part-time, or resign on February 27, 1995. Mion then asked to use ten days' accumulated vacation time to postpone her return until March 13, 1995, when she would begin her part-time status. Vincent agreed.

On February 24, 1995, Mion met with Vincent, who, Mion claims, reiterated the three options. Mion then resigned at that meeting. In April 1995, Mion filed a complaint with the U.S. Department of Labor ("DOL"). The DOL issued a report finding that Mion had been entitled to twelve weeks of leave, starting "on the last day Ms. Mion would be eligible for FMLA leave," or December 31, 1994, and ending on March 13, 1995. (See Pl.'s Resp.Br.Ex. C.) The DOL awarded Mion $310.18 in back wages for the period from February 27 to March 13, 1995. The DOL also found that Aftermarket violated FMLA notice requirements under 29 C.F.R. § 825.208(a). On July 26, 1995, the DOL sent Aftermarket a WH–58 Back Wage Receipt Form to accompany Aftermarket's

check to Mion.[1] (*See* Letter from Novorolsky to Case of 7/26/95, Def.'s Br. Supp.Mot.Summ.J.Ex. 7.) Aftermarket issued, and Mion cashed, a check for $310.18, but Mion refused to sign the accompanying release forms. Mion then filed this action pursuant to 29 U.S.C. § 2617, alleging wrongful denial of a leave request and failure to notify Mion of her rights. Mion further claims that Aftermarket's failure to notify caused her to resign when she might not have resigned had she been fully informed.

### Standard

Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56. The rule requires that the disputed facts be material. Material facts are facts which are defined by substantive law and are necessary to apply the law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). A dispute over trivial facts which are not necessary in order to apply the substantive law does not prevent the granting of a motion for summary judgment. *Id.* at 248, 106 S.Ct. at 2510. The rule also requires the dispute to be genuine. A dispute is genuine if a reasonable jury could return judgment for the non-moving party. *Id.* This standard requires the non-moving party to present more than a scintilla of evidence to defeat the motion. *Id.* at 251, 106 S.Ct. at 2511 (citing *Improvement Co. v. Munson*, 81 U.S. (14 Wall.) 442, 448, 20 L.Ed. 867 (1871)).

A moving party who does not have the burden of proof at trial may properly support a motion for summary judgment by showing the court that there is no evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324–25, 106 S.Ct.

2548, 2553–54, 91 L.Ed.2d 265 (1986). If the motion is so supported, the party opposing the motion must then demonstrate with "concrete evidence" that there is a genuine issue of material fact for trial. *Id.; Frank v. D'Ambrosi*, 4 F.3d 1378, 1384 (6th Cir.1993). The court must draw all inferences in a light most favorable to the non-moving party, but may grant summary judgment when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Agristor Financial Corp. v. Van Sickle*, 967 F.2d 233, 236 (6th Cir.1992) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986)).

### Analysis

**1. Eligibility**

Employees are not entitled to FMLA leave unless they are "eligible." 29 U.S.C. § 2612(a)(1). Eligibility requires both twelve months of employment and 1,250 hours of service during the previous twelve-month period. 29 U.S.C. § 2611(2)(A). The term "hours of service" has the same meaning under the FMLA as it does under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201–219. 29 U.S.C. § 2611(2)(C); *see also* Interim Regulation § 825.110(c), 58 Fed.Reg. 31,794, 31,816 (1993) (final version codified at 29 C.F.R. § 825.110(c)) (issued June 4, 1993) (referring to FLSA regulations for definition of hours of service).[2] The applicable regulations define hours worked as time when the employee must be on duty or on the work premises primarily for the employer's benefit. 29 C.F.R. § 785.7; *see also id.* at §§ 785.11, 785.16. "Any accurate accounting of actual hours worked under FLSA's principles may be used" to determine hours of service. Int.

---

1. The parties have not submitted the WH–58 Form at issue, and the Court has not been able to obtain one from the Department of Labor. However, the court in *Cuevas v. Monroe Street City Club, Inc.*, 752 F.Supp. 1405 (N.D.Ill.1990) (mem.op.) quoted the DOL's WH–58 form as reading, "Your acceptance of back wages due under the Fair Labor Standards Act means that you have given up any right you may have to bring suit for such back wages." *Id.* at 1414 (holding under 29 U.S.C. § 216(c)).

2. The final FMLA regulations are not applicable to this case. The DOL deferred their effective date from February 6 to April 6, 1995. Deferral of Effective Date of Regulations, 60 Fed.Reg. 6,658 (1995). The final FMLA regulations are not retroactive. *Schlett v. Avco Fin. Serv., Inc.*, 950 F.Supp. 823, 835 (N.D.Ohio 1996) (mem. op.); *Robbins v. Bureau of Nat'l Affairs, Inc.*, 896 F.Supp. 18, 23 (D.D.C.1995) (mem.op.). Since the alleged violations occurred prior to April 6, 1995, the interim regulations apply to this case.

Reg. § 825.110(c), 58 Fed.Reg. at 31,816. The determination "must be made as of the date leave commences." Int. Reg. § 825.110(d), 58 Fed.Reg. at 31,816.

Aftermarket has presented unrebutted evidence that for all rolling twelve-month periods ending after January 14, 1995, Mion did not have at least 1,250 hours of service. (See Def.'s Br. Supp. Mot. Summ. J. at 17–18; Ex. 9 to Def.'s Br. Supp. Mot. Summ. J.; Def.'s Reply Br. at 7; McIntire Aff. ¶ 7, attached to Def.'s Reply Br.) The additional leave Mion requested would have commenced on February 27, 1995. Therefore, the Court finds that Mion was not eligible for the requested leave and Aftermarket's denial did not violate the FMLA.

The Court need not speculate at great length on why the DOL decided that Mion was entitled to additional leave through March 13, 1995. Mion did not raise any argument that determining eligibility for a leave extension should relate back to the date on which the original leave began, nor could the Court find any discussion of a relation-back principle in the FMLA, DOL regulations, or case law. It is possible that the DOL awarded Mion leave through March 13, 1995, to remedy the failure to notify violation, rather than to remedy a wrongful denial of leave. After all, Mion had requested additional leave through the end of March, not just through March 13, 1995. March 13,

1995, was to have been the date Mion returned from using up her accumulated vacation and began working part-time.[3]

Mion argues that she should be "deemed eligible" under 29 C.F.R. § 825.110(d) because of Aftermarket's failure to give her notice of whether she was eligible for the requested leave.[4] The Court has not found, and Mion has not cited, any provision in the interim regulations under which employees may be deemed eligible upon a failure to notify.[5] The plain language of interim § 825.110(d) permits, but does not require, the employer to notify an ineligible employee of her eligibility status. 58 Fed.Reg. at 31,-816.[6] The *Schlett* and *Robbins* courts both held that the interim regulations did not require the employer to either confirm or predict the date of the employee's eligibility. 896 F.Supp. at 22–23, 950 F.Supp. at 835.[7] The Court finds that Mion was not entitled to be deemed eligible upon Aftermarket's failure to notify her of her ineligibility, because the final version of § 825–110(d) was not yet in effect when Mion requested additional leave in January and February 1995. Therefore, Aftermarket's denial of Mion's leave request was not in violation of FMLA under a theory of deemed eligibility. The Court will grant Aftermarket's motion for summary judgment on the issue of wrongful denial of FMLA leave.

---

3. At oral argument, Aftermarket argued that it granted Mion the full twelve weeks to which she was entitled because the FMLA permits the substitution of paid for unpaid leave. The Court need not address this argument because the Court has found that Mion was not eligible.

4. The final regulation provides, in relevant part: If an employee notifies the employer of. need for FMLA leave before the employee meets these eligibility criteria, the employer must either confirm the employee's eligibility based upon a projection that the employee will be eligible on the date leave would commence or must advise the employee when the eligibility requirement is met.... If the employer fails to advise the employee whether the employee is eligible prior to the date the requested leave is to commence, the employee will be deemed eligible. The employer may not, then, deny the leave.
29 C.F.R. § 825.110(d). Cf. *infra* note 6 for text of interim § 825.110(d).

5. See *supra* note 2 for the Court's analysis regarding the applicability of the interim regula-

tions and the inapplicability of the final, codified regulations.

6. The regulation provides, in relevant part:

If an employee notifies the employer of [sic] need for FMLA leave before the employee meets these eligibility criteria, the employer may confirm the employee's eligibility based upon a projection that the employee will be eligible on the date leave would commence or may advise the employee when the eligibility requirement is met.
Int.Reg. § 825.110(d), 58 Fed.Reg. at 31,816 (emphasis added).

7. Both courts appear to have overlooked the DOL's deferral of the February 1995 effective date. See 896 F.Supp. at 22, 950 F.Supp. at 835. However, the deferral was inconsequential to the courts' holdings because both cases involved incidents in February 1994. See 896 F.Supp. at 22, 950 F.Supp. at 835.

## 2. Notice

■ The FMLA prohibits employers from interfering with their employees' attempts to exercise their FMLA rights. 29 U.S.C. § 2615(a). In *Fry v. First Fidelity Bancorporation*, No. 95–6019, 1996 WL 36910 (E.D.Pa. Jan.30, 1996) (mem.op.), the court held that a violation of the FMLA notice requirements in interim § 825.301 could support a cause of action for interference under certain circumstances. *Id.* at *5. The court denied the employer's motion for summary judgment because of a factual dispute over whether the employer provided the employee with specific notice regarding the calculation of the employee's leave at the time she requested it. *Id.* at *6. However, the court limited its holding by noting that noncompliance with the notice requirements in interim § 825.301 supports a cause of action only where "the inadequate notice effectively interfere[s] with plaintiff's statutory rights." *Id.*

Mion alleges that Aftermarket failed to notify her of her rights as required by 29 C.F.R. §§ 825.208(a), (b).[8] Aftermarket correctly argues that interim § 825.208 contains no such requirement, but interim § 825.301 requires employers to notify employees of their rights and obligations whenever employees request leave. Mion claims that Aftermarket never advised Mion whether her leave was FMLA-qualifying.[9] The Court must take as true for the purpose of this motion the inference that Aftermarket committed notice violations. Since the Court finds the rationale in *Fry* persuasive, the Court must next determine whether the notice violations give rise to an actionable claim for *Fry*-type interference.

In *Fry,* the employee was an eligible employee with a right to reinstatement under 29 U.S.C. § 2614(a). 1996 WL 36910 at *1. The employer offered her sixteen weeks of leave without notifying her that it would count the first twelve weeks toward her FMLA entitle-

ment, and she would forfeit her right to reinstatement by taking all sixteen weeks. *Id.* at *4. In this case, Aftermarket's failure to notify Mion did not interfere with any right of here because Mion had no right to the additional leave. Mion effectively asks this Court to make employers liable for failing to assure employees that their leave determinations comply with the FMLA. Mion testified that Aftermarket informed her that she had exhausted all her leave time. (*See* Mion Dep. at 47, 11. 12–13, Pl.'s Resp.Br.Ex. A.) No reasonable jury could conclude that Mion justifiably inferred from that statement and its accompanying omissions that she should resign because Aftermarket was wrongfully denying her leave request. Therefore, this Court finds that Aftermarket's notice violations did not amount to interference.

## 3. Waiver

The enforcement provision of the FMLA, 29 U.S.C. § 2617, directs the DOL to resolve FMLA complaints in the same manner it resolves complaints under the FLSA, 29 U.S.C. § 216. 29 U.S.C. § 2617(b)(1); *see also Reich v. Midwest Plastic Eng'g, Inc.*, 934 F.Supp. 266, 268 (W.D.Mich.1996), *aff'd without op.*, 113 F.3d 1235 (6th Cir.1997). The FLSA authorizes the DOL "to supervise the payment of the unpaid minimum wages or the unpaid overtime compensation owing to any employee or employees . . ., and the agreement of any employee to accept such payment shall upon payment in full constitute a waiver by such employee of any right he may have under subsection (b) of this section to such unpaid minimum wages or unpaid overtime compensation and an additional equal amount as liquidated damages." 29 U.S.C. § 216(c).

■ Mion argues that the FLSA's waiver provision should not be read into the FMLA, and that § 2617(a)(4) is the FMLA's exclu-

---

8. The DOL report also cited a violation of 29 C.F.R. § 825.208(a), presumably referring to the final regulations.

9. Aftermarket neither admits nor denies the allegation in its briefs. The DOL report states that Mary Jo Case, the Human Resources Manager, "admitted the subject did not notice Ms. Mion. Ms. Case does claim she had a conversation with Ms. Mion about her FMLA rights and mailed her the standard package in which all employee's [sic] requesting any time off now receive." (*See* Pl.'s Resp .Br.Ex. C.)

sive limitation on an employee's right of action. That section provides, in relevant part, that the employee's right of action terminates when the DOL files a complaint pursuant to § 2617(b) or (d). 29 U.S.C. § 2617(a)(4). Mion argues that her right of action has not terminated because the DOL has not filed a complaint in this case. However, the plain language of § 2617(a)(4) does not indicate that its limitations are exclusive. Moreover, the FLSA contains a parallel limitation on employee actions. 29 U.S.C. § 216(c). Mion's interpretation of the limitation provision would render the immediately preceding waiver provision superfluous. It would also render meaningless the Secretary's attempts "to resolve complaints of violations" as specifically provided in § 2617(b)(1). Like the scheme in the FLSA, § 2617(b)(1) encourages the Secretary to resolve FMLA disputes in the first instance. Therefore, the Court concludes that the DOL has the same authority to supervise a binding settlement and waiver under the FMLA that it has under the FLSA.

Courts have found the requisite DOL supervision where the employer and the DOL exchanged a letter, call, memo, and visit, *see* *Torreblanca v. Naas Foods, Inc.*, No. F 78–163, 1980 WL 2100, at *2–3 (N.D.Ind. Feb.25, 1980) (holding under FLSA), and where the DOL met with the employer, received employer correspondence, and supplied WH–58 release forms, *see* *Cuevas v. Monroe Street City Club*, 752 F.Supp. 1405, 1416 (N.D.Ill. 1990) (mem.op.) (holding under FLSA) In this case, the parties agree that the DOL investigated Mion's claim, concluded that Aftermarket owed Mion $310 .18 in back wages under the FMLA, and forwarded WH–58 release forms to Aftermarket to be signed by Mion. The parties have submitted evidence of several communications between the DOL and Aftermarket, including at least a letter, a fax, a phone call, and another communication involving payroll expenses. (*See* Def.'s Br. Supp.Mot.Summ.J.Exs. 7, 8; Pl.'s Resp. Br.Ex. C.)

■ Mion argues that the DOL "clearly did not resolve Plaintiff's claim in accordance with the damage provisions of § [2] 617(a)(1)(A)," because the $310.18 is well be-low what "Plaintiff intends to prove at trial" her lost wages, lost benefits, interest, and liquidated damages were. (*See* Pl.'s Resp. Br. at 8.) However, the fact that the DOL recommends a settlement amount lower than that to which a plaintiff believes she is entitled is incidental to the nature of settlements. As the court noted in *Walton v. United Consumers Club, Inc.*, 786 F.2d 303 (7th Cir. 1986), "[t]he statute is concerned with settlements, and a settlement is a compromise-the employee surrenders his opportunity to get 100 cents on the dollar, in exchange for a smaller payment with certainty." *Id.* at 305 (referring to 29 U.S.C. § 216(c)). In addition, a plaintiff who accepts a DOL-supervised settlement waives her right to an equivalent amount in liquidated damages under § 2617(a)(1)(A)(iii). *See Torreblanca*, 1980 WL 2100, at *3 (holding under FLSA, 29 U.S.C. § 216(c)). Therefore, the Court finds that the DOL supervised the settlement of Mion's claim within the meaning of the FLSA.

The Court must next determine whether Mion agreed to accept the DOL-supervised back wage payment of $310.18. In *Walton,* the court held that the mere cashing of a check issued under a DOL-supervised settlement did not release the employees' claims where the DOL did not send out the applicable release forms. 786 F.2d at 307 (holding under FLSA, 29 U.S.C. § 216(c)). However, *Walton* noted that the DOL may indicate its assent to a settlement by sending out the applicable release forms. *See id.* at 306. Similarly, in *Cuevas,* the court held that § 216(c) applied to effectuate a waiver where the DOL supplied, and the employee signed, WH–58 release forms. 752 F.Supp. at 1415–16. The court in *Heavenridge v. Ace–Tex Corp.*, No. 92–75610, 1993 WL 603201 (E.D.Mich. Sept.3, 1993) held that where an employee cashes the employer's check, the DOL's supplying of WH–58 forms with the check, rather than the employee's signing the forms, effectuates the waiver. *Id.* at *2–3 (holding under FLSA, 29 U.S.C. § 216(c)). The court relied on the plain language of the form, which predicated the employee's waiver on "acceptance of back wages," rather than on the employee's signature. *Id.* at *3.

In this case, the parties agree that the DOL provided Aftermarket with a WH–58 release form, that Aftermarket forwarded the form to Mion along with the $310.18 check, and that Mion cashed the check. In addition, Mion was aware that the attached forms were release forms. (*See* Mion Dep. at 64, 1. 14, attached as Ex. A to Pl.'s Resp. Br.) This Court agrees with the court in *Heavenridge, see id.*, that the terms of the release form predicated waiver on Mion's acceptance of Aftermarket's payment, and not on Mion's signature. Therefore, the Court finds that Mion's cashing of the check constituted a waiver of her § 2617 claims.

Lastly, the Court finds that Aftermarket paid Mion "in full" within the meaning of the FLSA because the parties agree that Aftermarket issued her a check in the amount determined by the DOL and that she cashed the check for the whole amount. Therefore, the Court will grant Aftermarket's motion for summary judgment on the issue of Mion's waiver of her FMLA claims.

### Conclusion

For the foregoing reasons, the Court will grant Aftermarket's motion for summary judgment. An Order consistent with this opinion will be entered.