NOT RECOMMENDED FOR PUBLICATION
File Name: 05a0578n.06
Filed: July 7, 2005
File Name: 05a0578n.06
Filed: July 7, 2005

**No. 04-4400**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| DEBBIE A. FINK, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| OHIO HEALTH CORPORATION | ) | THE SOUTHERN DISTRICT OF |
| | ) | OHIO |
| and | ) | |
| | ) | |
| GRANT/RIVERSIDE METHODIST HOSPITAL, | ) | |
| | ) | |
| Defendants-Appellees. | ) | |

Before:  SILER and ROGERS, Circuit Judges; REEVES, District Judge.[*]

**SILER, Circuit Judge.**  Plaintiff Debbie Fink appeals the grant of summary judgment to defendants OhioHealth Corporation and Grant/Riverside Methodist Hospital (collectively, "OhioHealth").  She specifically appeals the grant as it pertains to her claim that OhioHealth violated the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2612, by counting eligible absences against her for termination and by failing to notify her of her rights under the FMLA for intermittent leave to manage her polycystic kidney disease ("PKD").  For the reasons stated below, we AFFIRM the district court's decision.

---

[*]The Honorable Danny C. Reeves, United States District Judge for the Eastern District of Kentucky, sitting by designation.

**I.**

Fink claims she was diagnosed with PKD in 1996. This condition results in pain in her lower back and sides, making her unable to walk long distances or lift heavy objects. Her "attacks" are unpredictable, and she cannot schedule time off work in advance.

Fink worked as a technician at Riverside Hospital, which is owned by OhioHealth. OhioHealth has an attendance policy based on a rolling one-year period, and any absence older than one year cannot be counted against an employee's total absences. Termination for excessive absenteeism is allowed once an employee has missed between eight and eleven days of work in one year. In the twelve-month period before Fink was terminated, she was charged with eight absences and received one verbal and three written warnings. Fink admits that not all of her absences are related to her PKD, as some absences were for "personal and family reasons." For example, she missed two days of work while her mother was hospitalized following a heart attack, and another day when Fink herself was admitted to the emergency room. She took paid leave for all absences and never requested any leave under the FMLA.

In October 2002, Fink filed suit, alleging her termination violated Ohio's anti-discrimination statute and the FMLA. Her complaint also included a state-law claim for intentional infliction of emotional distress. In April 2003, she amended her complaint, adding an FMLA interference claim. The district court granted OhioHealth's motion for summary judgment on all counts. Fink only appeals the dismissal of her FMLA claims.

**II.**

This court reviews de novo the district court's grant of summary judgment. *Farhat v. Jopke*, 370 F.3d 580, 587 (6th Cir. 2004). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

## III.

### A. NOTICE PLEADING

The FMLA entitles employees to receive leave from work under specified circumstances, including, *inter alia*, absences for the care of a parent who has a serious health condition and personal absences if the employee herself has such a condition that makes her unable to perform the functions of her position. 29 U.S.C. § 2612(a)(1)(C)-(D).  In her complaint, Fink alleged violations of the FMLA claiming that several of her absences were related to a *serious health condition*, as defined in 29 C.F.R. § 825.114, and that these qualifying absences were counted against her.  The FMLA claims relating to Fink's alleged PKD were properly pled in the complaint.  However, Fink also alleges that some of her absences were related to her mother's hospitalization for a heart attack, and her own hospitalization.  Neither of these claims was directly referenced in the complaint.

Pleadings must be liberally construed with all well-pleaded allegations taken as true.  *See Columbia Natural Resources, Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995).  However, even applying a liberal reading to the claims, Fink has not pled an FMLA violation with regard to her mother's hospitalization, as even a generous reading of the complaint cannot raise a reference to this occurrence.

Whether Fink properly pleaded a FMLA violation as to her own hospitalization is a closer question. Rule 8 states that a "pleading which sets forth a claim for relief . . . shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Although Fink need not allege all that she must eventually prove, her complaint must "contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory." *Performance Contracting, Inc. v. Seaboard Sur. Co.*, 163 F.3d 366, 369 (6th Cir. 1998). In other words, OhioHealth must be able to know in advance the nature of the cause of action being asserted against it. The complaint states only that "[s]everal of [her absences] were related to a serious health condition as defined in 29 C.F.R. § 825.114." The complaint contains repeated references to Fink's alleged PKD, but contains no reference to any other health condition. Fink admits that her hospitalization was not for PKD, but rather for severe chest pains.

Here, OhioHealth would have had notice of a claim arising out of Fink's admission to the emergency room only if Count III were read in isolation from the remainder of her complaint – an unreasonable requirement in construing the complaint. As the entirety of the complaint identifies only Fink's PKD as her "serious health condition," it did not provide OhioHealth with the advance notice of claims that Rule 8, and therefore Rule 56, requires. Thus, Fink's claim regarding her own hospitalization is not well-pleaded for the purposes of Rule 8.

## B. "SERIOUS HEALTH CONDITION"

Additionally, Fink alleges that she has a "serious health condition." Specifically, she alleges she has been diagnosed with PKD. At least one circuit has held that, in its later stages, PKD can qualify as a serious health condition. *See Kammueller v. Loomis, Fargo & Co.*, 383 F.3d 779 (8th

Cir. 2004) (plaintiff's PKD resulted in renal failure requiring dialysis three afternoons per week). Although the district court relied in part on a lack of precedent that PKD is not, as a matter of law, "serious," it also analyzed Fink's symptoms under the in determining that she was not a qualifying plaintiff. The district court, however, applied an incomplete version of the serious health condition standard. *See generally* 29 C.F.R. § 825.114(a).

Fink must show that her PKD qualifies as a serious health condition under the "continuing treatment by a health care provider" standard. § 825.114(a)(2). Thus, she must show that she was (a) subject to a period of incapacity of more than three consecutive days with treatment by a health care provider at least twice or as part of a regimen of continuing treatment, § 825.114(a)(2)(i); or (b) that her incapacity was due to a chronic serious health condition for which she receives regular treatment. § 825.114(a)(2)(iii). She has not alleged that any absence lasted three or more consecutive days. A chronic serious health condition does not require three-day incapacitation, but it does require: (a) periodic visits to a health care provider for treatment; (b) that the condition continues over an extended period of time – including recurring episodes of the underlying condition; and (c) that the incapacity may be episodic, as with asthma, rather than continuing. *Id.*

Fink was treated multiple times for "abdominal and flank pain" by her personal physician, who did not diagnose Fink with PKD, nor did she develop a PKD treatment plan for Fink. Nor does Fink's treatment for flank pain qualify as "periodic visits for treatment by a health care provider." § 825.114(a)(2)(iii)(A). She was treated on October 12, 2000, with a follow-up visit on October 31 to discuss the results of her lab work. This is effectively one visit. Regardless of Fink's contention that she merely needs to "be under the continuing supervision of, but not necessarily active treatment

of, a health care provider," regular visits to a doctor more than once every four years are necessary. *See Victorelli v. Shadyside Hospital*, 128 F.3d 184, 188 (3d Cir. 1997) (continuing treatment includes a course of medication or therapy which is satisfied by "numerous visits" to the doctor, as well as treatment with medication).

In *Perry v. Jaguar of Troy*, 353 F.3d 510 (6th Cir. 2003), we indicated that visits for treatment should be biannual or more frequent. *Id*. at 515 ("Even if Victor's biannual doctor visits constitute treatment..."). Although we have not adopted a strict standard for frequency in such instances, it seems logical that given the severe consequence of PKD (ultimately renal failure), regular examinations to determine the progression of the condition are required. *See id*. ("Treatment 'includes (but is not limited to) examinations to determine if a serious health condition exists and evaluations of the condition.' 29 C.F.R. § 825.114(b)."). Regardless of whether there is a viable treatment or cure for PKD, Fink needed to seek periodic treatment. As she has not shown that she meets the periodic treatment requirement, she has not shown that a material question exists as to whether she suffers from a serious health condition eligible for leave under the FMLA.

**C. NOTICE OF RIGHTS UNDER THE FMLA**

Fink also alleges that OhioHealth failed to provide her notice of her rights under the FMLA. Regardless of whether OhioHealth properly complied with FMLA regulations regarding its duty to inform its employees of their rights, Fink lacks standing to make this claim. *See Mion v. Aftermarket Tool & Equip. Group*, 990 F. Supp. 535, 539 (W.D. Mich. 1997). An employer's failure to comply with the notice requirements of the FMLA only supports a cause of action where "the inadequate notice effectively interfere[s] with plaintiff's statutory rights." *Id*. (quoting *Fry v.*

No. 04-4400
*Fink v. OhioHealth Corporation, et al.*

*First Fid. Bancorp.*, No. 95-6019, 1996 WL 36910 (E.D. Pa. Jan. 30, 1996)).  Fink asserts that

OhioHealth's failure to notify her of her right to intermittent leave caused her to fail to request

intermittent leave based on her PKD and to fail to submit the appropriate medical documentation

of her disease.  However, the failure to notify Fink of her right to intermittent leave did not interfere

with her FMLA rights because she was not seeking periodic treatment for PKD, and thus had no

right to intermittent leave, regardless of whether she had adequate notice.

**AFFIRMED.**