NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0538n.06

No. 12-6062

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
*May 31, 2013*
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| JIM BOGGS; LINDA BOGGS, | ) |
| | ) |
| Plaintiffs-Appellants, | ) |
| | ) |
| v. | ) ON APPEAL FROM THE UNITED |
| | ) STATES DISTRICT COURT FOR |
| | ) THE EASTERN DISTRICT OF |
| 3M COMPANY, as Successor by Merger to | ) KENTUCKY |
| Minnesota Mining & Manufacturing Company | ) |
| and/or its Predecessors successors in interest; | ) |
| AMERICAN OPTICAL CORPORATION, | ) |
| | ) |
| Defendants-Appellees. | ) |

Before:  BATCHELDER, Chief Judge, SUHRHEINRICH, and SUTTON, Circuit Judges.

SUTTON, Circuit Judge.  Jim Boggs worked in Kentucky coal mines from 1972 until 1986, when he hurt his back.  After that, he collected worker's compensation for some time, and in 1991, after a doctor diagnosed him with pneumoconiosis, he filed a claim for federal black lung benefits. Two decades later, in April 2011, Boggs (and his wife) filed this lawsuit against 3M and American Optical, the manufacturers of respirators Boggs had used in the 1970s and 1980s to protect against exposure to silica dust.  Boggs's first complaint and next two amended complaints alleged that those respirators were faulty and caused him to develop "silicosis/pneumoconiosis."  R.1 ¶ 20.  In April 2012, Boggs asked to file a fourth complaint to specify that the devices had also caused lung cancer. The district court denied the motion and granted summary judgment against Boggs on statute of limitations grounds.  We affirm.

No. 12-6062
*Boggs v. 3M Co. et al.*

At this point in the litigation, the parties share considerable common ground about the legal parameters for resolving this dispute. They agree that Kentucky's one-year statute of limitations for personal injury claims governs this lawsuit. Ken. Rev. Stat. § 413.140(1)(a). They agree that Boggs's pneumoconiosis claim is barred by the one-year limitations period. They agree that the limitations period on Boggs's lung cancer claim started running in June 2010, when the doctor diagnosed him with lung cancer. *See Carroll v. Owens-Corning Fiberglas Corp.*, 37 S.W.3d 699, 703 (Ky. 2000). They agree that Boggs as a result had to file his claim for lung cancer by June 2011. And they agree that, in order to meet the one-year deadline, Boggs could potentially do so in one of two ways: By establishing that his original April 2011 complaint included a lung cancer claim or by establishing that his third amended complaint properly related back to the April 2011 filing. Unfortunately for Boggs, neither one of these options works.

As for the first option, Boggs's original complaint did not include a claim for lung cancer. It instead mentioned "silicosis/pneumoconiosis" or black lung disease. R.1 ¶ 20(c)–(i). That is the "injury" he specified under "plaintiff's damages." *Id.* ¶ 20. His first and second amended complaint were to the same effect: They mentioned silicosis and pneumoconiosis ten and eleven times, respectively. R.8 ¶¶ 3, 15, 23(c)–(i), 35; R.37 ¶¶ 3, 18, 26(c)–(i), 38, 46. Not once in any of the three complaints did Boggs mention lung cancer or for that matter cancer. While the pleading requirements of Civil Rule 8(a) are "modest," *CNH Am. LLC v. UAW*, 645 F.3d 785, 794 (6th Cir. 2011), they are not non-existent, *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint for relief based on one disease does not put a defendant on notice that the plaintiff seeks relief based on

a distinct disease. Asking plaintiffs to mention both is not a "hypertechnical" requirement, *Iqbal*, 556 U.S. at 678, but a minimal request that they give defendants some idea of the plausible injuries they claim to have suffered.

Boggs says his complaint included a claim for lung cancer because it referenced "silica related occupational lung disease." That takes a "liberal" interpretation of his pleading, *Columbia Natural Resources, Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995), to the breaking point. A request for relief based on injury A does not put the defendant on notice of a request for relief based on distinct injury B. The first three complaints gave 3M and American Optical no idea that Boggs sought relief based on anything other than pneumoconiosis. To wit: while working as a miner, Boggs was "exposed to silica and other pneumoconiosis producing dust," *e.g.*, R.37 ¶ 18; the respirators lent no aid, causing "silica dust induced airway obstruction," *e.g.*, *id.* ¶ 22, and giving him "silicosis/pneumoconiosis," *e.g.*, *id.* ¶ 26(c)–(i); and the exposures caused "silica related occupational lung disease," *e.g.*, *id.* ¶ 26(g), and "silica dust induced occupational lung disease damages *as set forth herein*," *e.g.*, *id.* at 72 (emphasis added). That is a claim for silica-related pneumoconiosis, not cancer.

As the district court correctly recognized, there is a related reason why the phrase "silica related occupational lung disease" does not cover a claim for lung cancer. "[T]here is no 'factual content' from which the Court or the defendants can 'draw the reasonable inference' that 3M and American Optical are liable for lung cancer. To draw this inference, the Court would have to add a factual allegation to the complaint—that Boggs actually developed lung cancer, the same allegation

proposed by the third amended complaint. This the Court cannot do." R.108 at 17 (internal citation omitted).

*Fink v. Ohio Health Corp.*, 139 F. App'x 667 (6th Cir. 2005), confirms the point. Debbie Fink's former employer fired her for excessive absences, and Fink responded by suing the employer under the Family and Medical Leave Act. At summary judgment, she argued that she missed work for three protected reasons: her kidney disease, her mother's heart attack and her trip to the emergency room. But her complaint mentioned only the first of those reasons—the kidney disease—and the district court properly ignored the other two. Although the complaint referenced "a serious health condition"—a phrase broad enough by itself to cover anything, including all three medical events—it "contain[ed] repeated references to Fink's alleged [kidney disease], but contain[ed] no reference to any other health condition." *Id.* at 670. We refused the claimant's invitation to read "a serious health condition" "in isolation"—what we thought was "an unreasonable" demand. *Id.* So too here: The reference to "silica related occupational lung disease" does not override the serial references to silicosis and pneumoconiosis and does not transform a claim based on those diseases into one based on lung cancer.

Kentucky law reinforces this conclusion. Diseases like lung cancer and pneumoconiosis "are separate and distinct," even if they "aris[e]" from the same "exposure." *Carroll*, 37 S.W.3d at 700. The State places considerable weight on the distinction. A miner who comes down with pneumoconiosis may sue for present damages and for an elevated risk of developing cancer, but, if he does, the state courts may bar the miner from bringing another claim if lung cancer develops later.

*Combs v. Albert Kahn & Assocs.*, 183 S.W.3d 190, 198 (Ky. Ct. App. 2006). Or a miner may decide not to bring a pneumoconiosis lawsuit and, if he develops lung cancer later, sue for lung cancer within a year of that diagnosis. *Carroll*, 37 S.W.3d at 700. The takeaway is that Kentucky law treats the diseases and claims arising from them differently. This is not a situation in which Boggs is trying to specify the nature of his damages; he is trying to read a new cause of action into his original complaint. He cannot do so.

Boggs all but recognized as much below. His motion for leave to file the third amended complaint asked the court to let him "add the injury of occupationally induced lung cancer," R.81 at 1, and at oral argument in front of the district court, he conceded that the complaint originally sought relief for silicosis, not lung cancer.

Instead of advancing his argument, *Miller v. American Heavy Lift Shipping*, 231 F.3d 242 (6th Cir. 2000), confirms the flaw in it. Representing the estate of deceased seamen, Creighton Miller sued the seamen's former employers under the Jones Act. According to the complaint, the seamen were "exposed to" "asbestos" and "hazardous substances other than asbestos." *Id.* at 245. Five years later, Miller asked to amend his complaint to specify that the seamen were also exposed to benzene, which gave them leukemia. Although the statute of limitations had run on that claim, Miller argued that the amendment should relate back to the date of the first complaint. We agreed, since the claims "arose out of the same conduct, transaction, or occurrence." *Id.* (citing Civil Rule 15(c)(2)). But that analysis would have signified nothing if the original complaint's reference to "hazardous substances other than asbestos" included a claim for benzene-induced leukemia. *Id.* at

247 n.4, 248 (noting that the court's decision was based on Civil Rule 15, not Civil Rule 8). According to Boggs, the *Miller* court should have read the benzene claim into the first pleading. But we did not do that in *Miller*—much, we suspect, for the same reason we do not read Boggs's lung cancer claim into his first three complaints. Even if *Miller* were a Rule 8 case, whether federal law treats benzene and asbestos claims as the same cause of action has nothing to do with whether Kentucky law treats pneumoconiosis and lung cancer claims as the same cause of action—which it does not.

That leaves the second option: Even if Boggs failed to mention lung cancer in the first three complaints, he argues that an amendment should relate back to the date he filed his original complaint, making his otherwise belated claim timely. *See* Civil Rule 15(c)(2). It is not that easy. Boggs's original claims for silicosis and pneumoconiosis were themselves untimely, a conclusion Boggs does not challenge on appeal. And a plaintiff may not save one untimely claim by tacking it onto an untimely initial complaint, *see Williams v. Lampe*, 399 F.3d 867, 870 (7th Cir. 2005), another conclusion Boggs does not contest on appeal and indeed affirmatively endorsed below. Those two considerations make Boggs's fourth try futile. All Boggs says in response is that the district court did not make an explicit finding of prejudice to the defendants. That may be true, but it matters not if the claim is futile. *See Konkol v. Diebold, Inc.*, 590 F.3d 390, 404–05 (6th Cir. 2009).

In his reply brief, Boggs adds that 3M and American Optical "employed a tactic of filing summary judgment early before the case can fully develop," namely seeking summary judgment

before discovery had been completed, before experts had been identified and allegedly before Boggs had the evidentiary resources to rebut the motion. Reply Br. at 5. But Civil Rule 56(d) provides an answer to this dilemma, and Boggs did not use it. The Rule gives a nonmovant (like Boggs) the option of delaying the resolution of a summary judgment motion in order to allow for additional discovery if it can show "specifi[c] reasons" why "it cannot present facts essential to justify its opposition." Boggs never pursued this option, making it difficult to complain now about his inability to marshal sufficient evidence to respond to the summary judgment motion. *See Plott v. Gen. Motors Corp.*, 71 F.3d 1190, 1196 (6th Cir. 1995).

For these reasons, we affirm.