**Thomas Howard ROCKWELL**

v.

**MACK TRUCKS, INC.**

No. Civ. L–97–166.

United States District Court,
D. Maryland.

June 11, 1998.

Thomas Howard Rockwell, pro se.

Stephen M. Silvestri, Stefan Jan Marculewicz, Baltimore, MD, for Defendant.

## MEMORANDUM

LEGG, District Judge.

Before this Court is defendant's unopposed Motion for Summary Judgment. Plaintiff having failed to respond, and for the reasons set forth below, this Court shall, by separate Order, GRANT defendants' motion.

### I. Background

Plaintiff, Mr. Thomas Howard Rockwell, initiated this action as a *pro se* plaintiff on January 17, 1997, alleging employment discrimination in violation of the Family and Medical Leave Act of 1993, 29 U.S.C. §§ 2601–2654 (1998).[1] Specifically, Ms. Rockwell alleges that his former employer, Mack Trucks, Inc., discriminated against him in the termination of his employment because it failed to offer him, and subsequently denied his request for, personal leave under the Family and Medical Leave Act. (Compl. at ¶ 4.) Several months after Mr. Rockwell filed this Complaint, Mr. Hans S. Goerl entered an appearance for Mr. Rockwell. (Docket No. 5.)

After Mack Trucks filed its answer, Judge Kaufman of this Court issued a Scheduling Order in this case setting a discovery deadline of August 20. (Docket No. 10.) On July 30, Mr. Goerl sent a letter to the Court indicating that he intended to terminate his practice of law by August 15. However, Mr. Goerl did not file a motion to withdraw from the case. The case was reassigned and on August 7, Chief Judge Motz issued a Revised Scheduling Order setting a discovery deadline of December 4. (Docket No. 12.)

On December 18, pursuant to the Revised Scheduling Order, Mack Trucks filed a status report with this Court. (Docket No. 14.) The status report indicated that neither the plaintiff nor Mr. Goerl, who had not formally withdrawn from the case, had taken or responded to any part of discovery during the discovery period, which had now extended over eight months. (Docket No. 14.) In accordance with the Revised Scheduling Order, however, Mack Trucks filed a Motion for Summary Judgment on January 5, 1998. (Docket No. 16.)

On January 8 this Court held a telephone conference on the record in which Mr. Goerl and counsel for Mack Trucks participated. Mr. Goerl indicated during the telephone conference that he could not continue his representation of Mr. Rockwell, but that he believed another attorney, Mr. L. William Proctor, might enter his appearance. Following the conference, this Court issued an Order which, among other things: (i) terminated Mr. Goerl's appearance; (ii) stayed the case for sixty days to allow Mr. Proctor or other counsel for Mr. Rockwell to evaluate the case; (iii) directed Mr. Proctor, by no later than Monday, March 9, either to enter his appearance or to inform the Court by letter that he would not enter an appearance; and (iv) directed Mr. Rockwell personally to respond to the Motion for Summary Judgment by no later than 30 days after Mr. Proctor entered his appearance, or in any event by no later than April 8, 1998. (Docket No. 17.)

Despite this Court's Order, Mr. Proctor did not enter his appearance or communicate with the Court by March 9, nor did Mr. Rockwell respond to the Motion for Summary Judgment by April 8 or at any time thereafter. By letter dated April 15, Mr. Proctor along with Mr. Brett Wilson informed this Court that they declined to enter appearances in the case. To this date, more than two months following this Court's deadline and almost ten months after the first discovery deadline set in this case, Mr. Rockwell has not responded to any of the discovery requests or to the Motion for Summary Judgment.

### II. Analysis

Federal Rule of Civil Procedure 56(e) states that when, as is the case here, an adverse party does not respond to a motion

---

1. Although on his form Complaint Mr. Rockwell checked the space indicating that his action was pursuant to the Americans with Disabilities Act (*see* Compl. at ¶ 3), it is apparent from the remainder of his Complaint that Mr. Rockwell in-

tends to raise a Family and Medical Leave Act claim. Accordingly, this Court treats Mr. Rockwell's Complaint as alleging a cause of action under the Family and Medical Leave Act.

for summary judgment supported by evidentiary materials, "summary judgment, if appropriate, shall be entered against the adverse party." Fed.R.Civ.P. ("Rule") 56(e) (1998). The Rule also provides that when "a summary judgment motion is made and supported [by demonstrations of fact], an adverse party may not rest upon the mere allegations [of its] pleading, but ... must set forth specific facts showing that there is a genuine issue for trial." *Id.*[2] Because Mr. Rockwell has failed to set forth, either by affidavits or other submissions, any specific facts that could create a genuine issue of fact, this Court finds that Mack Trucks is entitled to judgment as a matter of law.

Mr. Rockwell asserted in his Complaint that Mack Trucks discriminated against him when terminating his employment because it failed to abide by the terms of the Family and Medical Leave Act ("FMLA"). In the evidence Mack Trucks submitted at summary judgment, and which Mr. Rockwell has not disputed or controverted, Mack Trucks established that it employed Mr. Rockwell beginning in 1978. (Mot. Summ. J. Exh., Affid. Tony Ramirez ("Ramirez Affid.") at ¶ 4.) During the twelve months ending November 6, 1994, Mr. Rockwell worked 1196.8 hours for Mack. (Ramirez Affid. at ¶ 6 & Exh. 2.) From January 1, 1994 until the termination of his employment in January 1995, Mr. Rockwell worked 893.2 hours. (*See id.*) In fact, during the pay periods between December 26, 1993 and May 1, 1994, and again between September 18, 1994 and

November 6, 1994, Mr. Rockwell did not work any hours at Mack. (*See id.*) This second prolonged absence was due to illness, for which Mr. Rockwell provided documentation. (*Id.* at ¶ 7.) On November 10, 1994, Mr. Rockwell requested personal leave to resolve some "personal things," including a pending lawsuit. (*Id.* at ¶ 9.)[3] Mack granted Mr. Rockwell four weeks leave, and Mr. Rockwell submitted a leave request form indicating that he would return to work on December 12, 1994. (Ramirez Affid. at ¶ 9 & Exh. 4.)

Nevertheless, Mr. Rockwell did not return to work on December 12, instead submitting medical slips indicating that he would be absent until December 23. (*Id.* at ¶ 10.) Because the plant closed from December 24 through January 2, 1995, Mr. Rockwell was then scheduled to return on January 3, 1995. (*Id.* at ¶¶ 11–12.) On the mornings of January 3, 4, 5, 6, and 9, however, Mr. Rockwell called to say that he would not return to work on each of those days. (*Id.* at ¶ 13.) Because Mr. Rockwell had at that point missed five consecutive work days without a documented excuse, and pursuant to his union agreement, Mr. Rockwell lost his seniority status, putting his job at risk. (*See id.* at ¶ 14 & Exh. 6.)[4] On January 17, Mr. Rockwell submitted a note from a Dr. William Fravel, stating that Mr. Rockwell had been under Dr. Fravel's medical supervision and was excused from work for the period between December 23, 1994 and January 18, 1995. (*Id.* at ¶ 16.) After Mack contacted Dr. Fravel, however, the doctor denied hav-

---

**2.** One of the purposes of Rule 56 is to require a plaintiff, in advance of trial, to come forward with some minimal facts to show that a defendant may be liable under the claims alleged. *See* Rule 56(e). If the nonmoving party "fail[s] to make sufficient showing on an essential element of her case with respect to which she has the burden of proof," then "the plain language of Rule 56(c) mandates the entry of summary judgment." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In the absence of the necessary minimal showing by a plaintiff that the defendant may be liable under the claims alleged, the defendant should not be required to undergo the considerable expense of preparing for and participating in a trial. *See id.*, 477 U.S. at 323–324, 106 S.Ct. 2548; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256–257, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Indeed, the Fourth Circuit has stated

that, with regard to motions for summary judgment, the district courts have "an affirmative obligation .... to prevent 'factually unsupported claims and defenses' from proceeding to trial." *Felty v. Graves–Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir.1987) (quoting *Celotex*, 477 U.S. at 323–324, 106 S.Ct. 2548).

**3.** Mr. Rockwell would later claim that he submitted a written request dated November 7, 1994, for ninety days leave under the Family and Medical Leave Act. (*See* Ramirez Affid. at ¶ 22.) Although Mack Trucks disputes that it ever received such a request, as the discussion below makes clear, this Court need not resolve this issue.

**4.** This action on January 9, 1995 was tantamount to firing Mr. Rockwell, and is the disputed employment action in this case.

ing ever treated or examined Mr. Rockwell. (*Id.* at ¶ 17.) Because Mr. Rockwell did not have a valid excuse for the five days that he missed consecutively at the beginning of January, Mack terminated his employment. Although Mr. Rockwell's union filed a grievance on his behalf on January 13, 1995, after an investigation it withdrew the grievance on July 21, 1995. (*Id.* at ¶ 21.)

Under the FMLA, an "eligible employee" may take a total of twelve weeks of leave during any twelve-month period to care for the employee's children, spouse, or parents, or because of a serious health condition. *See* 29 U.S.C. § 2912. An employer may not interfere with or discriminate against an employee on the basis of the employee's exercise of these rights, *see* 29 U.S.C. § 2615, and an employee may bring suit in federal court both to enforce these rights and for damages, *see* 29 U.S.C. § 2617.[5]

The federal courts are still developing standards for the analysis of a plaintiff's FMLA claim at summary judgment. *See, e.g., Diaz v. Fort Wayne Foundry Corp.,* 131 F.3d 711, 712–13 (7th Cir.1997) (Easterbrook, J.) (reviewing but rejecting use of *McDonnell Douglas* burden-shifting analysis on summary judgment review of FMLA claims). Nevertheless, it is clear that a plaintiff must establish, at a minimum, a prima facie case satisfying the elements of the statute. *See Stubl v. T.A. Systems, Inc.,* 984 F.Supp. 1075, 1090 (E.D.Mich.1997). To establish this prima facie case a plaintiff must prove, among other things, that he was an "eligible employee" and was therefore entitled to the protections of the statute. *See* 29 U.S.C. § 2612(a); *Oswalt v. Sara Lee Corp.,* 889 F.Supp. 253, 259 (N.D.Miss.1995).[6]

To qualify as an "eligible employee," an employee must have worked at least 1,250 hours with his employer during the twelve-month period prior to the disputed employment action. 29 U.S.C. § 2611(2)(A)(ii); *Robbins v. Bureau of Nat'l Affairs, Inc.,* 896 F.Supp. 18, 20–21 (D.D.C.1995). Only hours actually worked qualify for credit toward this total. *See* 29 U.S.C. § 2611(2)(C) (hours determined by same standards as Fair Labor Standards Act); 29 U.S.C. § 207(e)(2) (providing, for FLSA, that vacation, illness, and other absences are not "hours of employment"); *Robbins,* 896 F.Supp. at 21 (citing these provisions).

In this case, it is clear that Mr. Rockwell did not qualify as an "eligible employee" under the FMLA because he did not work more than 1250 hours for Mack Trucks for any twelve-month period between November 1994 and January 1995. In other words, whether this Court were to count Mr. Rockwell's hours for eligibility under the statute beginning in November 1995 or January 1995, he still would not qualify as an "eligible employee" under the FMLA.

## III. Conclusion

In light of this undisputed evidence, this Court finds that Mr. Rockwell has failed to establish a prima facie case of discriminatory discharge in violation of the FMLA because he has failed to establish that he was an "eligible employee" entitled to the rights and protections that the FMLA affords. Accordingly, the Court shall, by separate Order, GRANT defendant's unopposed Motion for Summary Judgment.

---

**5.** The employee must bring such an action not later than two years after a disputed employment action, or not later than three years after a "willful violation" of the FMLA. *See* 29 U.S.C. § 2617(c). Although Mr. Rockwell might presumably have difficulties meeting this statute of limitations, as the discussion below makes clear, this Court need not resolve this issue.

**6.** Other elements of the prima facie case under the FMLA may include: (i) that the employee exercised an FMLA-protected right; (ii) that the employee suffered an adverse employment deci-

sion; and (iii) that there was a causal connection between the exercise of the right and the adverse action. *See Stubl,* 984 F.Supp. at 1090; *Oswalt,* 889 F.Supp. at 259. Mack Trucks disputes that Mr. Rockwell satisfies either the first or third prongs of this test, because it claims: (i) that Mr. Rockwell never clearly asserted a desire to take leave protected by the FMLA when accruing his absences; and (ii) that the company terminated Mr. Rockwell for cause. Because the Court finds that Mr. Rockwell was not an "eligible employee," the Court need not reach these grounds.