**Donald KOON, Plaintiff,**

v.

**LAKESHORE CONTRACTORS, Defendant.**

**No. G86–713 CA7.**

United States District Court, W.D. Michigan, S.D.

Feb. 5, 1988.

Timothy Bott, Muskegon, Mich., for plaintiff.

Richard Dietz, Detroit, Mich., for defendant.

## OPINION DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, VACATING ORDER, AND DENYING PLAINTIFF'S MOTION TO FILE AMENDED COMPLAINT

HILLMAN, Chief Judge.

### I. *Factual Background*

Plaintiff Donald Koon worked on a seasonal basis for defendant Lakeshore Contractors, Inc., a Michigan corporation engaged in the installation and maintenance of breakwalls and similar structures for shoreline construction. Plaintiff's duties on the job varied, and included pile driving, both on-shore and off-shore, as well as diving. While working for defendant in Marinette, Wisconsin on August 29, 1984, plaintiff injured his neck carrying a heavy device from a raft to a barge. Plaintiff received some disability benefits for the injury through Fireman's Fund Insurance Company. On July 31, 1986, plaintiff filed this suit seeking further compensation for his injury under the Jones Act, 46 U.S.C. App. § 688 *et seq.*

Defendant filed a motion for summary judgment on December 3, 1986. Defendant argues that plaintiff is not a "seaman" within the definition of the Jones Act and is therefore not entitled to recovery under the Act. Plaintiff responded on February 5, 1987, submitting an affidavit that disputed several factual assertions made by the defendant.

Plaintiff filed a motion to amend his complaint on October 22, 1987. Plaintiff's proposed amended complaint adds a paragraph alleging that on or about August 25, 1984, plaintiff was injured by defendant's negligence and adoption of unsafe work methods and procedures. The original complaint refers only to injuries sustained by plaintiff while working on board a barge on or about August 29, 1984. The August 25th incident involves a lower back injury plaintiff allegedly sustained after carrying something over a fence while working for defendant. United States Magistrate Karr granted plaintiff's motion to file the amended complaint on December 11, 1987. Defendant filed its objection to the magistrate's order on December 16, 1987.

### II. *Discussion*

#### A. *Defendant's Motion for Summary Judgment*

The Jones Act provides that "(a)ny seaman who shall suffer personal injury in the course of his employment may ... maintain an action for damage at law...." Although the Act does not define "seaman," the Sixth Circuit has adopted the following test for determining seaman status: "(1) is the vessel in navigation, (2) does the employee have a more or less permanent connection with the vessel, and (3) was the employee on board the vessel primarily in

aid of navigation?" *Petersen v. Chesapeake & Ohio Ry. Co.*, 784 F.2d 732, 737 (6th Cir.1986) (citing *Searcy v. E.T. Slider, Inc.*, 679 F.2d 614 (6th Cir.1982)).

As a preliminary matter, I observe that it is well settled in this circuit that the question of a plaintiff's status as a seaman is ordinarily a question of fact, and that this court may grant defendant's motion for summary judgment on this issue only if "there is no reasonable evidentiary basis to support a jury finding that the plaintiff is a seaman." *Petersen*, 784 F.2d at 737. On this motion for summary judgment, defendant has the burden of demonstrating that no genuine issue of material fact remains, and reasonable inferences from the facts must be drawn in plaintiff's favor. Fed.R. Civ.P. 56(c); *Smith v. Hudson*, 600 F.2d 60, 63 (6th Cir.), *cert. dismissed*, 444 U.S. 986, 100 S.Ct. 495, 62 L.Ed.2d 415 (1979).

The defendant's vice president attests to the following:

6. That no time while in the employ of defendant Lakeshore was Donald Koon called upon to perform duties to further the course of navigation of a vessel on the navigable waters of the United States of America.

7. That at no time while in the employ of defendant Lakeshore, including the date of his alleged injury, was Donald Koon assigned as a permanent or temporary crew member of any vessel owned, operated or in any manner utilized by defendant Lakeshore.

8. That at all times while in the employ of defendant Lakeshore, plaintiff's duties and responsibilities involved the installation of piling and associated materials for the construction of the structures utilized for shoreline protection.

Defendant also submitted work records from the Marinette project which designate plaintiff as a "marine pile driver" for eight days, a "land pile driver" for seventeen days (also as a "diver" on some of those days), and as an undesignated "pile driver" for three days. The workers' disability compensation report of injury filled out by defendant and dated September 6, 1984, states that plaintiff's occupation is "Land Pile driver." An affidavit of another employee of Lakeshore states that on or about August 29, 1984, he and plaintiff were assigned the task of transporting the repaired air compressor to a certain barge and placing it on deck. The affiant states that the task was not a regular function for a land-based pile driver and that the procedure "did not warrant assignment of marine status."

Plaintiff, in response, submitted an affidavit which states:

1. That I routinely performed work on barges, dredges and other vessels owned, maintained and operated by Lakeshore Contractor's Inc.,

2. That I was routinely assigned to marine operations as a member of a maintenance crew on Lakeshore Contractor's projects, performing a significant amount of time on the navigable waters.

Plaintiff also attests to the statement in his response to defendant's motion for summary judgment which reads, "factual allegations contained in the defendant's motion for summary judgment as contained in Paragraphs 6, 7, 8, and 11 are false."

Although the facts presented to the court are sparse, it's clear from the record that the parties dispute how often, for what purpose, and in what capacity plaintiff ever worked on a vessel in the course of his duties. Defendant cites several cases in which courts have held that a person is not a seaman when he has only occasional work on a vessel or when the person's work aboard the vessel does not contribute to the vessel as a means of transport across navigable waters. These and similar cases may be decisive of plaintiff's seaman status after further factual development, but on the record before me today, there remain genuine issues of fact concerning the frequency and purpose of plaintiff's work aboard defendant's vessels. *See Searcy*, 679 F.2d at 616–17.

Defendant's motion for summary judgment is denied.

B. *Defendant's Objection to Magistrate's Order Allowing Plaintiff's Amended Complaint*

This court may reverse the magistrate's order if the order is "clearly erroneous or

contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a).

Defendant maintains that plaintiff's claim for injuries allegedly sustained on August 25, 1984 is time barred. 46 U.S.C. § 763(a) provides that actions arising out of a maritime tort must be commenced within three years of the date the cause of action occurred. Thus, the limitations period for the August 25, 1984 claim expired on August 25, 1987. Plaintiff did not file his motion to amend his complaint until October 22, 1987. Plaintiff argues that even though the claim would be barred by Section 763(a) if filed anew, Rule 15(c) of the Federal Rules of Civil Procedure allows plaintiff's amendment to relate back to the date of the original complaint. Defendant argues that the added claim cannot relate back under Rule 15(c).

Rule 15(c) provides:

Whenever the claim or defense asserted in the amended pleading arose out of the *conduct, transaction or occurrence* set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading.

Fed.R.Civ.P. 15(c) (emphasis added).

■ In evaluating whether or not the claim plaintiff seeks to add arises out of the "conduct, transaction or occurrence" alleged in the original pleading, the court is guided by the following principles. An amendment that alleges added events leading up to the same injury may relate back. *See Tiller v. Atlantic Coast Line R.R. Co.,* 323 U.S. 574, 581, 65 S.Ct. 421, 424, 89 L.Ed. 465 (1945); *Boddy v. Dean,* 821 F.2d 346, 351 (6th Cir.1987); *In re Olympia Brewing Co. Securities Litigation,* 612 F.Supp. 1370 (N.D.Ill.1985). Also, an added theory of liability for the same occurrence may relate back. *Hageman v. Signal L.P. Gas, Inc.,* 486 F.2d 479, 484 (6th Cir.1973). However, an amendment which states a new claim for relief based on different facts will not relate back under Rule 15(c). *See* 3 J. Moore, Moore's Federal Practice ¶ 15.15[3] at 15–149 (1987); *Marine Midland Bank v. Keplinger & Associates, Inc.,* 94 F.R.D. 101, 104 (S.D.N.Y. 1982); *Holdridge v. Heyer–Schulte Corp.*

*of Santa Barbara,* 440 F.Supp. 1088 (N.D. N.Y.1977).

■ In ruling on a motion under Rule 15(c), it is also appropriate to consider undue delay in filing, lack of notice to the opposing party, undue prejudice to the opposing party, and futility of amendment. *Hageman,* 486 F.2d at 484; *Fuller v. Marx,* 724 F.2d 717 (8th Cir.1984). Weighing in plaintiff's favor is the lack of evidence in the record suggesting defendant would be surprised should the amendment be granted. The record shows that defendant has had notice of plaintiff's allegations concerning the August 25th incident for at least ten months. The few pages of arbitration proceeding transcript submitted to the court by defendant show that plaintiff raised and introduced evidence concerning this claim at the arbitration of this case in March of 1987, and that defendant was aware that plaintiff might amend his complaint to seek damages for the earlier injury.

■ Despite defendant's notice that plaintiff might move to add a claim for the August 25th injury, I find that plaintiff's added claim does not arise from the "conduct, transaction, or occurrence" set forth in the original pleading as required by Rule 15(c). Instead, the amendment adds an entirely different set of operative facts to this lawsuit. Both the August 29th injury and the August 25th injury are allegedly attributable to defendant's adoption of unsafe work methods, but that is where the similarity ends. Plaintiff's new claim involves an injury to his lower back, not his neck. The amendment involves an injury sustained while jumping to the ground from a fence, not while lifting a heavy object on board a barge. No evidence or argument suggests that the August 25th injury is in any way related to the August 29th injury. *See Boddy v. Dean,* 821 F.2d 346 (6th Cir.1987) (allowing amendment where claims of unlawful reprisal were directly related to sexual harassment alleged in original complaint). Indeed, in the brief filed in support of plaintiff's motion to amend, plaintiff's counsel states, "The proposed amendment claims an injury other

than that originally made the subject matter of the claim." Two unrelated injuries do not arise from the same conduct, transaction, or occurrence, just because they happened a few days apart.

Plaintiff seeks to add a claim over three years after the alleged injury and one and a half years after filing the original complaint. Nothing in the record suggests that the August 25th injury was unknown to plaintiff prior to the expiration of the limitations period. Plaintiff submitted evidence on this injury at the arbitration hearings in March of 1987 over defendant's objection. On July 16, 1987, over a month before the limitations period expired, defense counsel wrote to plaintiff's counsel stating that defendant would not stipulate to plaintiff's proposed amended complaint.

Under these circumstances, the amendment was not authorized by Rule 15(c). The magistrate's order is vacated and plaintiff's motion to amend his complaint is denied.