asbestos." The complaints did not mention leukemia, benzene, or any toxin other than asbestos. Each of the IDF's provided to the defendants shortly after the cases were filed identified the toxin either as "asbestos and tobacco smoke" or "asbestos," but did not mention benzene. The majority's conclusion that the amended complaints merely pled with more specificity the same claims, ignores the district court's finding that the original complaints did not give adequate notice of the benzene claims. I agree with the district court that the amended complaints substantially altered the factual basis for the toxic tort claims by alleging that the decedents suffered from leukemia caused by exposure to dangerous concentrations of benzene in the air, potable water, and on exposed skin from working with or in close proximity to products containing benzene. There is no dispute that the mechanisms, times, circumstances of, and diseases caused by shipboard exposure to benzene differed significantly from those of shipboard exposure to asbestos. These are the operative facts that determine whether the amendments arose from the same conduct, transaction, or occurrence as the original complaints. For these reasons, I respectfully dissent.

*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2000 FED App. 0384P (6th Cir.)
File Name: 00a0384p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

CREIGHTON E. MILLER, Administrator of the Estates of Juvenal J. Rezendes, Deceased (99-3703), Louie E. Hudson, Deceased (99-3705), Booker T. Pompey, Deceased (99-3707), Walter L. Bowman, Deceased (99-3708), William B. Birch, Jr. (99-3709),
    *Plaintiff-Appellant,*

      *v.*

AMERICAN HEAVY LIFT SHIPPING, et al.,
    *Defendants-Appellees.*

Nos. 99-3703/
3705/3707/
3708/3709

Appeal from the United States District Court
for the Northern District of Ohio at Cleveland.
Nos. 90-10263; 91-10448; 91-10775; 92-10151;
92-10427—John M. Manos, District Judge.

Argued: June 21, 2000

Decided and Filed: November 3, 2000

1

Before:  MERRITT, GUY, and COLE, Circuit Judges.

_____

### COUNSEL

**ARGUED:** John C. Cardello, THE JAQUES ADMIRALTY LAW FIRM, Detroit, Michigan, for Appellant.  Harold W. Henderson, THOMPSON HINE & FLORY LLP, Cleveland, Ohio, for Appellees.  **ON BRIEF:** John C. Cardello, Donald A. Krispin, THE JAQUES ADMIRALTY LAW FIRM, Detroit, Michigan, for Appellant.  Harold W. Henderson, Richard C. Binzley, THOMPSON HINE & FLORY LLP, Cleveland, Ohio, Gene B. George, RAY, ROBINSON, CARLE & DAVIES, Cleveland, Ohio, for Appellees.

COLE, J., delivered the opinion of the court, in which MERRITT, J., joined.  GUY, J. (pp. 19-20), delivered a separate dissenting opinion.

_____

### OPINION

_____

R. GUY COLE, JR., Circuit Judge.  Plaintiff-Appellant Creighton E. Miller is the administrator of the estates of five deceased seamen.  In the years 1990-1992, Miller brought five separate actions against various shipowners and operators, alleging survival and wrongful death claims under the Jones Act, 46 U.S.C. App. § 688, and general admiralty and maritime law.  In 1997, Miller filed amended complaints in each case.  The district court found that the amended complaints did not relate back to the original complaints pursuant to Fed. R. Civ. P. 15(c)(2), and, as such, were barred by the three-year Jones Act statute of limitations.  For the reasons discussed below, we REVERSE the decision of the district court and REMAND for further proceedings consistent with our opinion.

_____

### DISSENT

_____

RALPH B. GUY, JR., Circuit Judge, dissenting.  Even under the *de novo* standard of review, I cannot agree that the amended complaints at issue in this case relate back to the date of the original pleadings under Rule 15(c)(2).  The rationale behind this rule is to allow relation back when the defendant has been put on notice, through the pleadings or other sources, of the entire scope of the transaction or occurrence.  *See Barcume v. City of Flint,* 819 F. Supp. 631, 636 (E.D. Mich. 1993) (citing Wright, Miller & Kane, FEDERAL PRACTICE AND PROCEDURE CIVIL 2D §§ 1496-97).  The focus of the inquiry is not whether the claim or theory in the amended complaint is new, but rather whether it arose out of the same conduct, transaction, or occurrence.  *See Hageman v. Signal L.P. Gas, Inc.,* 486 F.2d 479, 484 (6th Cir. 1973) (added theory for same occurrence may relate back).[1] An amendment that states a claim based upon different facts will not relate back to the date of the original complaint.  *See Koon v. Lakeshore Contractors,* 128 F.R.D. 650, 653 (W.D. Mich. 1988), *aff'd without opinion,* 889 F.2d 1087 (6th Cir. 1989) (amendment alleging negligence and unsafe working conditions under Jones Act did not relate back because it involved different injuries that occurred in different ways).

In this case, the original complaints alleged injuries from exposure to "asbestos" and "hazardous substances other than

_____

[1]For example, in *Tiller v. Atlantic Coast Line R. Co.*, 323 U.S. 574 (1945), the amendment added a new claim arising out of a single accident that led to the death of a railroad employee.  In *Brown v. Shaner*, 172 F.3d 927, 932-33 (6th Cir.), *cert. denied*, 120 S. Ct. 403 (1999), the amended complaint alleged the same claims under 42 U.S.C. § 1983, but added the allegations that the defendants were being sued in their individual capacities.  Not surprisingly, the court in *Brown* found that the amendment related back to the filing of the original complaint.

exposure to asbestos and to "hazardous substances other than asbestos." *Id.* at 643. The plaintiffs pursued only the asbestos claims until two days *after* trial commenced. *See id.* at 642. When the *Smith* defendant-shipowners moved to argue evidence of plaintiff seamen's individual smoking habits in defending, plaintiffs moved to argue that tobacco smoke was a hazardous condition for which the shipowners could be liable. *Id.* at 640. This court upheld the district court's ruling that plaintiff seamen could not argue the tobacco theory on the grounds that plaintiff's counsel had never seriously pursued it. *Id.* at 644.

The relevance of *Smith* to this case is minimal. First, we typically review a district court's case-management decision made pursuant to Rule 16 for abuse of discretion. *See, e.g., Muckleshoot Tribe v. Lummi Indian Tribe*, 141 F.3d 1355, 1358 (9th Cir. 1998). As discussed *supra*, we review the district court's decision to forbid relation back pursuant to Rule 15(c)(2) *de novo. See Dominguez*, 51 F.3d at 1509. Second, counsel in *Smith* never formally pursued the tobacco theory, but rather adopted it as a trial tactic at the last minute. *Id.* at 643. In the instant case, Miller filed amended complaints alleging the benzene claims, and pursued them in the lower court. Thus, *Smith* has little relevance to the instant case.

## IV.  CONCLUSION

For the reasons discussed, we REVERSE the decision of the district court and REMAND the case for further proceedings consistent with this opinion.

## I.  BACKGROUND

Miller is the administrator of the estates of Juvenal J. Rezendes, William B. Birch, Jr., Walter L. Bowman, Louie E. Hudson, and Booker T. Pompey ("the seamen"). Each of the seamen worked for many years on various ships. All the seamen were diagnosed with leukemia prior to their deaths in 1987, 1988, or 1989. In 1990, 1991, and 1992, Miller brought suit under the Jones Act, 46 U.S.C. App. § 688,[1] and general maritime law against Defendants-Appellees American Heavy Lift Shipping, et al. (on behalf of Rezendes), American President Lines, Ltd., et al. (on behalf of Birch), Amerada Hess Corp., et al. (on behalf of Bowman), Alcoa Steamship Company, Inc., et al. (on behalf of Hudson), and Farrell Lines, Inc. (on behalf of Pompey) (collectively, "Shippers"). *See Smith v. Gulf Oil Co.*, 995 F.2d 638, 642 n.3 (6th Cir. 1993). In each case, Miller brought suit prior to the running of the Jones Act's three-year statute of limitations. *See* 46 U.S.C. § App. 688 (incorporating by reference the three-year statute of limitations contained in 45 U.S.C. § 56); *Mamer v. Apex R.E. & T.*, 59 F.3d 780, 782 n.2 (8th Cir. 1995). In the

---

[1] Title 46 U.S.C. § App. 688(a) provides:

Any seaman who shall suffer personal injury in the course of his employment may, at his election, maintain an action for damages at law, with the right of trial by jury, and in such action all statutes of the United States modifying or extending the common-law right or remedy in cases of personal injury to railway employees shall apply; and in the case of the death of any seaman as a result of any such personal injury the personal representative of such seaman may maintain an action for damages at law with the right of trial by jury, and in such action all statutes of the United States conferring or regulating the right of action for death in the case of railway employees shall be applicable.

The statute's incorporation of statutes applying to railway employees refers to the Federal Employers' Liability Act (FELA), 45 U.S.C. §§ 51 et seq. *See Hernandez v. Trawler Miss Vertie Mae, Inc.*, 187 F.3d 432, 436 (4th Cir. 1999).

complaints, all of which were substantively identical (only the headers and named defendants differed), Miller raised both survival and wrongful death actions, based on theories including negligence and breach of duty to maintain a safe and seaworthy vessel. Miller alleged that the seamen had sustained injuries as a result of their exposure to asbestos and to hazardous substances other than asbestos while working as seamen. In particular, the relevant language of each complaint reads as follows:

> 10. While serving as a mariner on said vessels, Plaintiff's decedent was exposed to hazardous substances other than asbestos.

> 11. As a direct and proximate consequence of his exposure to hazardous substances other than asbestos, Plaintiff's decedent has sustained injuries . . . .

Later in each complaint, Miller further stated:

> 16. While serving as a mariner on said vessels, Plaintiff's decedent was exposed to asbestos and hazardous substances other than asbestos.

> 17. As a direct and proximate consequence of Plaintiff's decedent['s] combined exposure to asbestos and hazardous substances other than asbestos, Plaintiff's decedent has sustained injuries.

In response to numerous asbestos-related personal injury actions filed by seamen in the Northern District of Ohio, the court created a special Ohio Maritime Asbestos Litigation Docket (known as "MARDOC"). *See Gulf Oil Co.*, 995 F.2d at 639. Miller's five actions were transferred to MARDOC. As part of the MARDOC litigation, Miller produced an "Initial Data Form" ("IDF"), a summary of basic information about each claim, for each of his five claims. Miller apparently produced the IDFs within weeks or months of filing his complaints and made them available to Shippers as part of the discovery process; however, the IDFs were not

Nor are we persuaded by Shippers' argument that Miller's original complaints were so general that, if they are construed to give notice of benzene-related leukemia claims, defendants in asbestos cases will be forever on notice of claims arising out of exposure to any hazardous substance. The district court relied on this reasoning in its decision, finding that "the Court would emasculate the statute of limitations requirement if it gave to the phrase 'hazardous substances other than asbestos' the breadth [Miller] seeks." This reasoning is only facially appealing. The complaints in this case alleged that Shippers' former employees had died as a result of being exposed to hazardous substances aboard the vessels Shippers owned and operated. Shippers were on notice that they needed to collect and preserve evidence relating to the working environment in their ships. Miller, for his part, had the right and responsibility to pursue through discovery the nature and circumstances of decedents' working environments and deaths. To be sure, both parties may have had difficult tasks in conducting this discovery, but that difficulty goes to the substance of the lawsuit rather than to whether Shippers knew that they were being sued, and on what general grounds. If, at some point in the future, Miller attempts to amend his claim again, the court will be free to determine whether it should relate back, looking to possible prejudice to the parties, unwarranted delay, futility, and the other factors appropriately considered under Rule 15(c). *See Hageman*, 486 F.2d at 484. These factors are an adequate protection against Shippers being forever liable for claims arising from Miller's original pleading.

One more case demands our discussion. The parties argue the relevance of *Smith v. Gulf Oil Co.*, 995 F.2d 638 (6th Cir. 1993), in which this court held that the district court did not abuse its discretion under Fed. R. Civ. P. 16 by foreclosing plaintiff-seamen's argument that injuries they alleged were caused by tobacco smoke in defendants' ships. *Id.* at 644. In *Smith*, seamen brought asbestos claims similar to the original claims in the instant case. *Id.* at 640. As in the instant case, the *Smith* plaintiffs alleged that their injuries resulted from

complaint in which she added a claim under the Federal Boiler Inspection Act, charging that the locomotive was not properly lighted. *See id.* at 580-81. Applying Rule 15(c), the Court held that both complaints "related to the same general conduct, transaction, and occurrence," and that defendant "had notice from the beginning that [plaintiff] was trying to enforce a claim against it because of the events leading up to the death of the deceased in the [defendant's] yard." *Id.* at 581.

Shippers contend that *Tiller* is inapposite to the instant case because the amendment in *Tiller* did not fundamentally change the nature of plaintiff's claim, in that both the original claim and the amended claim involved a single, traumatic incident within the defendant's knowledge. Shippers assert that they, in contrast to the *Tiller* defendant, had no knowledge of the deceased seamen's leukemic injuries until Miller filed the amended complaints, many years after decedents were allegedly injured. We disagree. The original complaints in this case made clear that the deceased seamen had suffered latent injuries, based upon exposure to toxic substances on board Shippers' vessels, that resulted in their illnesses and eventual deaths. *See Benco Plastics, Inc. v. Westinghouse Elec. Corp.*, 387 F. Supp. 772, 783 (E.D. Tenn. 1974) (stating that "the rule to be followed in federal courts is that if there is an identity between the amendment and the original complaint with regard to the general wrong suffered and with regard to the general conduct causing such wrong, then the amendment shall relate back and the statute of limitations would not avail to preclude a hearing on the merits." (internal quotation marks and citation omitted)). The amended claim in *Tiller* appears to have gone further yet, stating a new theory of recovery by referring to a statute not alleged in the original complaint (*i.e.,* the Federal Boiler Inspection Act). *See id.* at 580. Yet, the *Tiller* Court found that the defendants were on notice based upon the original complaint. *Id.* at 581. We thus conclude that the *Tiller* Court's broad application of Rule 15(c) supports Miller's relation-back theory. *See id.* at 580-81.

filed with the court. On the Rezendes IDF, Miller stated that Rezendes suffered from colon cancer, but did not mention leukemia; under the heading labeled "Toxin," Miller inserted "Asbestos-Tobacco Smoke." On Birch's IDF, Miller identified leukemia, in addition to other illnesses, and again identified asbestos and tobacco smoke under the "Toxin" heading. Bowman's IDF did not specify any illness, but listed asbestos and tobacco smoke as toxins. Hudson's IDF identified leukemia as an illness but listed only asbestos as a toxin. Pompey's IDF identified leukemia as an illness and listed asbestos and tobacco smoke as toxins. At some point during the course of litigation -- the timing is not clear from the record before us -- Miller also produced death certificates for each of the deceased seamen which indicated that some form of leukemia was the cause, or a contributing factor to, each sailor's death.

In 1991 and 1992, the Judicial Panel on Multidistrict Litigation transferred thousands of asbestos claims, including the five cases Miller currently appeals, to the Eastern District of Pennsylvania for pretrial proceedings, pursuant to 28 U.S.C. §1407. *See In re Asbestos Prods. Liab. Litig.*, 771 F. Supp. 415 (J.P.M.L. 1991). In July 1993, Miller filed a "Motion to Strip and Remand" in each of the five cases on appeal. In the motions, Miller asked the court to strip his claims of all allegations relating to asbestos exposure "so as not to prejudice allegations unrelated to asbestos exposure appertaining [to] toxin exposure which resulted in affliction of the respective seamen, whether living or deceased, of leukemic disease."[2] Judge Weiner granted the motion in November 1993, and issued an order transferring the seamen's cases back to the Northern District of Ohio for further resolution. In so doing, Judge Weiner found that the

---

[2]In an affidavit dated September 27, 1993, Miller's counsel stated that the only causes of action the deceased seamen wished to pursue were those related to their deaths by leukemia, which he alleged were caused by exposure to benzene.

"form of action in these cases is now dissimilar to traditional asbestos-related, personal injury actions," and that plaintiff seamen had "abandoned any claim for recovery based upon injury resulting from asbestos exposure and . . . are hereby precluded from claiming damages resulting from injury due to exposure to asbestos products."

In March 1995, Shippers filed a consolidated motion for a more definite statement of Miller's claims, *see* Fed. R. Civ. P. 12(e), arguing that because Miller had not specifically pleaded either leukemia or benzene exposure, his complaints were insufficient to put them on notice of the benzene claims he now argued. The court granted the motion in January 1996, finding the complaints to be vague and ambiguous. The court ordered Miller to file amended complaints within sixty days addressing several issues, including Miller's theory of liability and "the specific cargo or other substances aboard each vessel alleged to have contained benzene." Although the district court dismissed the actions when Miller failed to file the amended complaints within the sixty-day time period, the court reinstated the claims in February 1997, pursuant to Fed. R. Civ. P. 60(b).

In April 1997, Miller filed amended complaints on behalf of the estates of each of the deceased seamen. In the amended complaints, Miller again alleged theories of liability under both the Jones Act, 46 U.S.C. § App. 688, and general admiralty and maritime law. Miller claimed that his decedents had suffered from leukemia as a result of exposure to benzene and benzene-containing products, and listed specific instances and methods of exposure on particular ships. In April 1998, Shippers filed for summary judgment, arguing that Miller's 1997 amended complaints did not relate back to his original complaints, which had been filed in 1990-1992. Shippers also argued in each case that Miller's survival action was barred by the three-year statute of limitations because his claims had accrued before decedent's deaths, and

*Hageman*, 486 F.2d at 484. Of these factors, "[n]otice and substantial prejudice to the opposing party are critical . . . in determining whether an amendment should be granted." *Id.*; *see also Brown*, 172 F.3d at 934 (permitting relation back of amended complaint where defendants "'knew or should have known'" that they were targets of § 1983 suit).

Miller argues that his original complaints put Shippers on notice that they must defend Jones Act and general maritime law toxic tort actions which alleged wrongful death due to exposure to asbestos and/or other hazardous substances. Shippers respond that Miller's non-specific, general allegations were insufficient to put them on notice of his benzene-related leukemia claims.[8] In this context, the parties argue the relevance of *Tiller v. Atlantic Coast Line R. Co.*, 323 U.S. 574 (1945), to the instant case. In *Tiller*, the wife of a railroad employee who was killed on the job sued the defendant rail company under the FELA, 45 U.S.C. § 51 et seq. *See* 323 U.S. at 575. The plaintiff alleged that her husband's death was caused by the negligent operation of a railroad car that struck and killed him and by defendant-railroad's failure to provide her husband with a reasonably safe place to work. *Id.* Plaintiff later filed an amended

---

[8]Miller also claims that certain evidence extrinsic to the pleadings gave Shippers notice of his benzene-related leukemia claims. Shippers disagree, arguing that notice of an additional claim must be found within the original complaint itself rather than in extrinsic sources. The dissent appears to agree with Miller that extrinsic evidence is relevant to the notice question, but points out that the IDFs submitted by Miller to Shippers during discovery failed to mention benzene as a possible toxin. Although we are inclined to believe that notice may be provided by sources outside the pleadings, *see* 6A Wright et al. § 1497, at 92-93 (stating that permitting extrinsic evidence to serve as notice "seems sound since it is unwise to place undue emphasis on the particular way in which notice is received."); 27A Lawyer's Cooperative Publishing, FEDERAL PROCEDURE: LAWYERS EDITION § 62:336, at 127 (1996) ("notice may . . . be received from outside the pleadings"), we do not decide the instant case based upon either Miller's or the dissent's extrinsic evidence. Rather, we find that Miller's original complaints provided Shippers with adequate notice of the charges raised in the amended complaints.

derived from a few definitions in a medical dictionary, *see* DORLAND'S ILLUSTRATED MEDICAL DICTIONARY 145-46, 191 (28th ed. 1994), and upon which the district court relied -- is unconvincing. To focus on the particular pathologies of a given carcinogen is far too formalistic and specific for the general, non-technical requirements of Rule 15. This is especially the case with diseases such as cancer and leukemia, which may be idiopathic and which may arise from sources that are impossible to identify before extensive discovery (if at all). Accordingly, the benzene exposure claims Miller details in the amended complaints fit comfortably within the claims of exposure to "hazardous substances" that he alleged in the original pleading.[7]

### C.  Notice to Shippers

Although the focus of our inquiry into whether an amendment relates back pursuant to Rule 15(c)(2) is whether it arises from the same conduct, transaction, or occurrence, we look to other factors as well. "Undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment are all factors which may affect the decision."

[7] The dissent argues that the amended complaints substantially altered the factual basis of Miller's original claims in that "the mechanisms, times, circumstances of, and diseases caused by shipboard exposure to benzene differed significantly from those of shipboard exposure to asbestos." Miller's original complaint, however, did not contain any asbestos-specific allegations of such "mechanisms, times, circumstances . . ., and diseases." Rather, Miller's original allegations relating to the circumstances in which the decedents sustained their injuries were essentially bare statements that the decedents had been exposed to asbestos and other hazardous substances onboard Shippers' vessels. While it is true that Miller's amended complaint more specifically described the substances aboard each vessel alleged to have contained benzene, these claims do not substantially alter the factual basis of Miller's original charges. On the contrary, Miller's amended complaint simply reflects a more particularized statement of his original claim of exposure to "hazardous substances other than asbestos."

thus more than three years prior to the filing of the original claims.[3]

The district court granted summary judgment to Shippers in each case. In five nearly identical memorandum opinions, the court addressed only the relation-back question, finding that none of the amended complaints related back to the original filing. The court relied on Shippers' uncontested argument that different toxins and different methods of exposure cause different diseases, and found that "[e]xposure to benzene does not occur or act in the same manner as exposure to asbestos." The court found that Miller's original allegation that seamen had been exposed to "hazardous substances other than asbestos" was insufficient to put Shippers on notice of the benzene-related claims, and concluded that "[t]aken to its logical conclusion, Plaintiff's position means the Defendants are forever on notice of claims arising out of exposure to any hazardous substance." Miller filed a timely notice of appeal.

### II.  STANDARD OF REVIEW

The parties disagree about the standard by which we review the district court's decision that Miller's amended complaints do not relate back to his original complaints for purposes of Rule 15(c)(2). Miller argues that this court reviews *de novo* a grant of summary judgment based on the running of a statute of limitations. Shippers argue that we review the district court's decision for abuse of discretion.

The standard of review for the district court's summary judgment order is, of course, *de novo*. *See Smith v. Ameritech*, 129 F.3d 857, 863 (6th Cir. 1997). Further, Miller is correct that this court reviews *de novo* a district court's determination that a complaint was filed outside the relevant

[3] In addition, Shippers alleged in their motions for summary judgment that Rezendes could not prove that he died of leukemia, and that Hudson's wrongful death claim was barred by the applicable statute of limitations. The district court did not reach these arguments. *See infra*, note 4.

statute of limitations. *See Tolbert v. State of Ohio Dep't of Transp.*, 172 F.3d 934, 938 (6th Cir. 1999). The district court's order turns, however, on the court's finding that Miller's amended claims do not relate back to the original claims pursuant to Rule 15(c)(2). As we shall discuss, the question of whether an amended claim relates back to an earlier filed complaint pursuant to Fed. R. Civ. P. 15(c)(2) requires us to determine whether the amended claim "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." *See* Fed. R. Civ. P. 15(c)(2). This inquiry requires us to apply the legal standard of Rule 15(c)(2) to a given set of facts, a task we are no less suited to perform than the district court. *See Slade v. United States Postal Service*, 875 F. 2d 814, 815 (10th Cir. 1989) (stating that application of Rule 15(c) to undisputed facts is "purely legal determination" that is reviewed *de novo*); *Paul Revere Life Ins. Co. v. Brock*, 28 F.3d 551, 553 (6th Cir. 1994) (stating that mixed questions of law and fact are reviewed *de novo*). Accordingly, we review *de novo* the district court's decision to deny relation back of an amended complaint to the original complaint. *See Dominguez v. Miller (In re Dominguez)*, 51 F.3d 1502, 1509 (9th Cir. 1995) (stating that review of Rule 15(c)(2) decision that permits or denies amendment to add a new claim against defendant named in original complaint is *de novo*).

### III. DISCUSSION

On appeal, Miller argues that the district court erred by finding that the amended complaints do not relate back to the original complaints.[4]   Miller's argument is comprised of

_____

[4]Miller argues in the alternative that the district court erred by failing to determine whether the causes of action in the amended complaints did not accrue until he was aware of both the nature of the decedent seamen's injuries and their cause. Because we find that Miller's amended complaints do relate back to the original complaints, we do not reach this alternative argument. Nor do we pass judgment on Shippers' argument that even Miller's original claims were filed outside of the relevant statute

original complaints: Shippers' liability for exposing decedents to a hazardous substance. *See Tiller*, 323 U.S. at 581 ("The cause of action now, as it was in the beginning, is the same -- it is a suit to recover damages for the alleged wrongful death of the deceased."); *see also* 3 James Wm. Moore et al., MOORE'S FEDERAL PRACTICE § 15.19[2], at 15-82 (3d ed. 1999) ("Amendments that amplify or restate the original pleading or set forth facts with greater specificity should relate back.").

Shippers argue strenuously that the amended complaints do not arise out of the same conduct, transaction, or occurrence as the original complaints, because they contain new "operative facts."[6]   It is true that a claim with entirely different "operative facts" will not relate back. *See Koon*, 128 F.R.D. at 653 (finding that new claim of lower back injury sustained while jumping to the ground from a fence does not relate back to original complaint of neck injury sustained while lifting heavy object on board a barge). But Miller alleged the very same general set of facts in the amended complaints as he did in the original ones: that decedents worked for many years on Shippers' vessels, that they were exposed to hazardous substances during that time due to Shippers' negligence, and that they sustained injuries in the form of lethal diseases due to their exposure to hazardous substances. Shippers' arguments that injuries arising from exposure to asbestos are materially different from injuries arising from exposure to benzene -- an argument which is

_____

[6]Shippers also propose that the court evaluate whether the complaints arise out of the same conduct, transaction, or occurrence by using two tests: 1) whether the evidence offered in support of the original claim would prove the new claim, and 2) whether the new claim alters the "when, where, what, or how" of the alleged injury. We reject these formulations as being too mechanical for the liberal approach of Rule 15(c). *See* 6A Wright et al. § 1498, at 102-03 (noting that mechanical tests are "too narrow and restrictive, out of harmony with the Federal Rules, and ought to be replaced with an approach that takes an over-all view of the problem." (internal quotation marks and citation omitted)).

Miller argues that the amended claims arose out of the same conduct, transaction, or occurrence as the original claims. *See* Fed. R. Civ. P. 15(c)(2). Miller asserts that, under the amended complaints, Shippers are liable for the same conduct -- negligently exposing the deceased seamen to toxins and failing to maintain the seaworthiness of their vessels -- as he alleged in his original complaints. He further claims that the amended complaints simply named the "hazardous substance other than asbestos" with more specificity than did the original complaints, and that the two sets of complaints concerned the same time period and the same injuries.

Under the Rules described above, we find this argument to be persuasive. Miller brought his original complaints under the Jones Act, 46 U.S.C. § App. 688, and general admiralty and maritime law. The original complaints included theories of negligence, unseaworthiness, wrongful death, and loss of society and companionship. The amended complaints also arise under the Jones Act and general admiralty and maritime law, and include theories of negligence, unseaworthiness, wrongful death, and loss of society and companionship. More important, each original complaint alleged that, "[w]hile serving as a mariner on said vessels, Plaintiff's decedent was exposed to hazardous substances other than asbestos," and that "[a]s a direct and proximate consequence of his exposure to hazardous substances other than asbestos, Plaintiff's decedent has sustained injuries." The amended complaints are very similar, with the added specificity that the "hazardous substances" originally pleaded included benzene and that the injuries originally claimed came in the form of leukemia. Each amended complaint states that "Plaintiff's Decedent was required by his employers to perform duties which included the constant exposure to chemical carcinogens including benzene," and that that exposure caused the decedent to suffer from leukemia. The amended complaints then state the particular benzene-containing substances to which each decedent was allegedly exposed, and on which ship the exposure occurred. Thus, the amended complaints simply plead with more specificity that which appeared in the

essentially three assertions: 1) that the Federal Rules of Civil Procedure require a plaintiff to give a defendant only general notice of his claims, and that Millers's original complaints provided such notice; 2) that his amended complaints relates back because the claims in the amended complaints arose out of the same conduct, transaction, or occurrence as set forth in his original complaints; and 3) that both the original complaints and information outside of the complaints gave Shippers adequate notice of their potential liability for the claims raised in the amended complaints.

## A. General Notice Required by Rules

Miller first argues that the Federal Rules of Civil Procedure require only that a pleading contain a short and plain description of the court's jurisdiction, the pleader's claim for relief, and a demand for the judgment the pleader seeks. *See* Fed. R. Civ. P. 8(a). Miller contends that his original complaints, which alleged that the deceased seamen's injuries were caused by exposure to "asbestos and hazardous substances other than asbestos," were sufficient to cover his subsequent allegations of benzene-related claims. There can be no dispute that our modern rules of civil procedure are based on the concept of "simplified 'notice pleading,'" *Conley v. Gibson*, 355 U.S. 41, 47 (1957), and that "[a]ll pleadings shall be so construed as to do substantial justice." Fed. R. Civ. P. 8(f). This can indeed be seen in the basic

---

of limitations, as we are not inclined to review a theory which, as in this case, the district court has not first reviewed. *See United States v. Baker*, 807 F.2d 1315, 1321 (6th Cir. 1986) (stating that "courts of appeals generally refuse to consider issues not passed upon by lower courts"). We reach only the question of whether Miller's amended claims relate back to the original claims pursuant to Rule 15(c)(2), and leave it to the district court to resolve on remand whatever further issues may exist in this case.

requirements for a claim for relief as set forth in Rule 8(a),[5] and in the dictate of Rule 15(a), which states that a court shall grant a party leave to amend a complaint "freely . . . when justice so requires." Fed. R. Civ. P. 15(a); *see also Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986). This fundamental tenor of the Rules is one of liberality rather than technicality, and it creates an important context within which we decide cases under the modern Federal Rules of Civil Procedure. Nonetheless, this tenor does not necessarily mandate a particular outcome on its own, as Miller suggests. Rather, we must examine the more specific requirements of Rule 15(c) in order to determine whether Miller's amended complaints relate back to the original pleadings.

## B. Same Conduct, Transaction, or Occurrence

Rule 15(c)(2) states that:

An amendment of a pleading relates back to the date of the original pleading when . . . the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading.

Fed. R. Civ. P. 15(c)(2). As this court recently explained, whether a statute of limitations will be permitted to bar an amended claim turns on whether the amended claim arose out

---

[5]Fed. R. Civ. P. 8(a) states:

**(a) Claims for Relief.** A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded.

of the same conduct, transaction, or occurrence as that set forth in the original complaint:

The rule is based on the notion that once litigation involving particular conduct or a given transaction or occurrence has been instituted, the parties are not entitled to the protection of the statute of limitations against the later assertion by amendment of defenses or claims that arise out of the same conduct, transaction, or occurrence as set forth in the original pleading.

*Brown v. Shaner*, 172 F.3d 927, 932 (6th Cir. 1999).

This court has stated that "the thrust of Rule 15 is to reinforce the principle that cases 'should be tried on their merits rather than the technicalities of pleadings.'" *Moore*, 790 F.2d at 559 (quoting *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982)). Thus, a court will permit a party to add even a new legal theory in an amended pleading as long as it arises out of the same transaction or occurrence. *See Hageman v. Signal L.P. Gas, Inc.*, 486 F.2d 479, 484 (6th Cir. 1973) ("where the parties are the same, . . . an amendment which adds another claim arising out of the same transaction or occurrence does relate back to the date of the original complaint."); *Koon v. Lakeshore Contractors*, 128 F.R.D. 650, 653 (W.D. Mich. 1988) ("an added theory of liability for the same occurrence may relate back." (citing *Hageman*)), *aff'd without opinion*, 889 F.2d 1087 (Table), 1989 WL 137151 (6th Cir. Nov. 15, 1989); *see also* 6A Wright et al., FEDERAL PRACTICE AND PROCEDURE § 1497, at 94-95, 98-99 (1990 & Supp. 2000) ("an amendment that states an entirely new claim for relief will relate back as long as it satisfies the test embodied in . . . Rule 15(c)."). Likewise, "[a]n amendment that alleges added events leading up to the same injury may relate back." *Koon*, 128 F.R.D. at 653 (citing *Tiller v. Atlantic Coast Line R. Co.*, 323 U.S. 574, 581 (1945)).