**Ralph C. MCMANUS, Plaintiff–Appellant,**

v.

**Wilfredo RIVERA, M.D., Defendant–Appellee.**

**No. 01–2339.**

United States Court of Appeals, Sixth Circuit.

Oct. 23, 2002.

Before BATCHELDER and COLE, Circuit Judges; GRAHAM, District Judge.*

Ralph C. McManus, a Florida resident, appeals through counsel the summary judgment for defendant in a diversity medical malpractice action. Defendant waived oral argument, and appellant did not respond to the court's request to show cause why oral argument would be necessary.

---

* The Honorable James L. Graham, United States District Judge for the Southern District of Ohio, sitting by designation.

This panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

McManus filed this complaint against a Michigan physician who had treated him from 1994 to 1996. The complaint alleged that defendant had diagnosed McManus as suffering from congestive heart failure, hypertension, and cardiomyopathy, and had prescribed a large dosage of Lasix, a diuretic, without monitoring McManus's potassium levels. McManus alleged that the over-prescription of the diuretic without a potassium supplement caused him permanent injury. Defendant moved for summary judgment based on the statute of limitations. The district court granted defendant's motion, finding that McManus had discovered his cause of action more than six months prior to giving notice of suit to defendant. On appeal, McManus argues that he discovered within six months of notifying defendant that the diagnoses of congestive heart failure and cardiomyopathy were erroneous, and therefore his claim is not time-barred.

Upon consideration, we conclude that the summary judgment for defendant must be affirmed, as there is no genuine issue of material fact, and defendant is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

This court reviews de novo a determination regarding the applicability of a statute of limitations. *Miller v. American Heavy Lift Shipping,* 231 F.3d 242, 246–47 (6th Cir.2000). In this case, the parties agree that the claim was not filed within the two-year statute of limitations applicable to malpractice actions in Michigan. However, McManus argues that his claim is timely under the discovery exception to the statute, which allows filing within six months of the date of discovery of the cause of action. Mich. Comp. Laws Ann. § 600.5838(a). Because McManus gave notice of his claim to defendant on June 26, 1999, he must demonstrate that he discovered the cause of action within the six months prior to that date.

In concluding that the action was barred, the district court relied on letters written by McManus contained in the record which indicate that he was aware of a possible cause of action prior to that time. Specifically, in September 1998, McManus wrote a letter to his then treating physician in which he opined that his current health problems were due to the failure to take a potassium supplement while taking the Lasix prescribed by defendant. Similarly, in early December 1998, McManus wrote that he believed he was over-prescribed Lasix and should begin reducing his dosage. Under the discovery exception to Michigan's two-year statute of limitations, once a party is aware of his injury and its possible cause, he must bring his claim within six months. *Solowy v. Oakwood Hosp.,* 454 Mich. 214, 561 N.W.2d 843, 846 (1997). The letters written by McManus indicate that he was aware of his injury and its possible cause more than six months prior to giving defendant notice of this suit. McManus argues in his appellate brief that he did not discover his cause of action until December 29, 1998, when his new physician informed him that he disagreed with defendant's previous diagnoses of congestive heart failure and cardiomyopathy. He argues that he had "absolutely no reason to suspect that his medical condition or problems were unrelated to his diagnosed congestive heart failure until December 29, 1998." This argument is contradicted by his own writings prior to that date, in which he expressed his opinion that his problems were due to defendant's over-prescription of Lasix and failure to prescribe a potassium supplement while taking Lasix. The addi-

tional discovery that McManus does not have congestive heart failure or cardiomyopathy did not add any additional injury beyond that which he attributed to defendant's prescription of a large dosage of Lasix and failure to monitor potassium levels.

Accordingly, the summary judgment for defendant is affirmed.