Kesha VANCE, Plaintiff,

v.

GENERAL MOTORS CORPORATION, a Delaware corporation, Defendant.

No. CIV. 04–70797.

United States District Court,
E.D. Michigan,
Southern Division.

Jan. 24, 2006.

Zachary B. Mack, Warnicke & Wigent, PLLC, Keego Harbor, MI, for Plaintiff.

Kay R. Butler, Mark D. Filak, Hardy, Lewis, Birmingham, MI, for Defendant.

## OPINION AND ORDER

FEIKENS, District Judge.

Plaintiff Kesha Vance filed her Complaint *in pro per*, claiming sexual harassment, and now moves to amend her Complaint for two reasons: (1) to clarify the causes of action set forth in her Complaint; and (2) to add her former supervisor, Al Henry, as an individual Defendant. For the reasons that follow, I GRANT in part and DENY in part Plaintiff's motion to amend her Complaint.

### I. ANALYSIS

■ Motions to amend pleadings are governed by Fed.R.Civ.P. 15, which provides that leave to file an amended pleading "shall be freely given when justice so requires." Denial of a motion to amend may be appropriate if there is evidence of undue delay, bad faith or dilatory motive by the movant, repeated failure to cure deficiencies, undue prejudice to the nonmovant, or futility of amendment. *Benzon v. Morgan Stanley Distribs.*, 420 F.3d 598, 613 (6th Cir.2005) (citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)).

### A. Plaintiff's Request to Clarify Her Original Complaint

Plaintiff seeks to amend her original Complaint to clarify the separate causes of action stated therein. Specifically, Plaintiff wants to make clear that she is asserting claims based on quid pro quo sexual harassment and

hostile work environment under both Title VII and Michigan's Elliott–Larsen Civil Rights Act. (Pl.'s Br. at 10.) An amended pleading relates back to the date of the original pleading when "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed.R.Civ.P. 15(c)(2).

 Pleadings drafted by a litigant *in pro per* are held to a less stringent standard than those drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). The modern rules of civil procedure are based on the concept of "simplified notice pleading," and "all pleadings shall be so construed as to do substantial justice." *Miller v. American Heavy Lift Shipping*, 231 F.3d 242, 247 (6th Cir.2000) (citations and internal quotation marks omitted). In Plaintiff's original Complaint, she states that she was "sexually harassed" by her supervisor. (Compl. at 2.) She writes, "He mention I could get fired for anything and then he would talk about his and my anatomy. Talk me to coming to his house which I was afraid to complain because he said I could get fired." *Id.* Additionally, Plaintiff's "Charge of Discrimination" filed with the Michigan Department of Civil Rights and the EEOC specifically states that her complaint is based on violations of Title VII and the Elliott–Larsen Act. (Pl.'s Mot. at Ex. A.) Defendant was aware of this charge and filed a "Position Statement" in response. *Id.* at Ex. B. Thus, it is likely that Defendant had notice of the possible bases for Plaintiff's legal claims.

 Defendant argues that Plaintiff should not be allowed leave to amend her Complaint because it would result in prejudice to Defendant and undue delay. (Resp. at 4.) Defendant would not be prejudiced, though, because Defendant could file an amended Answer to Plaintiff's amended Complaint, and will have an opportunity to conduct discovery on issues related to Plaintiff's claims. Delay alone, without a showing of bad faith or undue prejudice, is an insufficient basis for denying leave to amend a

pleading. *State Teachers Retirement Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir.1981).

I GRANT Plaintiff's request to file an amended Complaint clarifying her causes of action based on quid pro quo sexual harassment and hostile work environment under Title VII and the Elliott–Larsen Act.

**B. Plaintiff's Request to Add an Additional Defendant**

Plaintiff moves to add her former supervisor, Al Henry, as an individual defendant in this case based on an intervening change in the law. (Pl.'s Br. at 7.) Plaintiff seeks to bring claims against Henry for sex discrimination under Michigan's Elliott–Larsen Civil Rights Act, based on both hostile work environment and quid pro quo sexual harassment. (Pl.'s Proposed First Am. Compl.) At the time she filed her original Complaint, Plaintiff was without recourse against Henry in his individual capacity, because neither Title VII nor the Elliott–Larsen Act provided a cause of action against a supervisor in his individual capacity. (Pl.'s Br. at 7.) However, in August 2005, the Michigan Supreme Court held that a supervisor may be held personally liable for violations of the Elliott–Larsen Act. *Elezovic v. Ford Motor Co.*, 472 Mich. 408, 426, 697 N.W.2d 851 (2005). In contrast, under Title VII, an individual supervisor cannot be held personally liable, unless the supervisor otherwise qualifies as an "employer." *Wathen v. GE*, 115 F.3d 400, 405 (6th Cir.1997).

Plaintiff argues that because she now has a cause of action against Henry in his individual capacity based on *Elezovic*, she should be allowed to amend her Complaint to add Henry as a defendant. Under Michigan law, a three-year statute of limitations applies to claims under the Elliott–Larsen Act. *Magee v. DaimlerChrysler Corp.*, 472 Mich. 108, 111–12, 693 N.W.2d 166 (2005); M.C.L. § 600.5805(10). Plaintiff claims that the harassment began in August 2001, and her employment was terminated on August 22, 2001. (Pl.'s Mot. at Ex. A.) Thus, the amendment Plaintiff seeks will be futile, as the statute of limitations for this claim has ex-

**504**

pired,[1] unless the amendment can relate back to Plaintiff's original Complaint.

Fed.R.Civ.P. 15(c) allows an amended pleading to relate back to the date of the original pleading if certain conditions are met. This means that in some cases, Rule 15(c) will allow a claim to go forward that otherwise would be barred by the applicable statute of limitations. Plaintiff argues erroneously that 15(c)(2) is controlling; that provision of the rule does not govern an amendment that seeks to add a new party to the action. Instead, 15(c)(3) applies when an amended pleading introduces a new party. *See Force v. City of Memphis*, 1996 WL 665609, *3, 1996 U.S.App. LEXIS 30233, *11 (6th Cir. Nov. 14, 1996). Under 15(c)(3)(B), an amended complaint that adds a new defendant relates back to the date of the original complaint only if the new defendant "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against [the new defendant]." *Id.* The crux of the issue is whether the amended pleading seeks to correct a mistaken identity, not whether the pleading technically adds a new party or substitutes a new party for an existing one. *Holt v. Tek, Inc.*, 2005 U.S. Dist. LEXIS 28010 (W.D.Ky. Nov. 10, 2005).

In the case at hand, Plaintiff cannot satisfy the requirements of Rule 15(c)(3)(B), and thus her Elliott–Larsen Act claim against Henry is barred by the three-year statute of limitations. Plaintiff's failure to name Henry as a defendant in her original Complaint was not due to a mistake regarding the identity of the proper defendant. When she filed her original Complaint, the Elliott–Larsen Act did not provide a cause of action against a supervisor in his individual capacity. Thus, because this is not a case of mistaken identity, Plaintiff's claim against Henry would not relate back to the date of her original Complaint under Rule 15(c)(3), and is time-barred by the statute of limitations. For this reason, I DENY Plaintiff's request to add Al Henry as a defendant in this case.

**1.** *Elezovic* did not specify whether its holding would apply retroactively to claims already barred by the statute of limitations. No subse-

## II. CONCLUSION

I GRANT Plaintiff's request to file an amended Complaint clarifying her causes of action based on quid pro quo sexual harassment and hostile work environment under Title VII and the Elliott–Larsen Act. Plaintiff shall file an amended Complaint within ten days of the filing date of this order. Defendant shall have ten days to file an amended Answer after receiving service of the amended Complaint. I DENY Plaintiff's request to add Al Henry as a defendant because this cause of action is time-barred.

**IT IS SO ORDERED.**

quent decision of the Michigan Supreme Court or Court of Appeals has addressed the question of retroactivity.