**In Re Patrick MALLALEY, Debtor.**

**Charles Michael Harcourt, Plaintiff**

v.

**Patrick Mallaley, Defendant.**

**Bankruptcy No. 07–13346.**
**Adversary No. 07–1302.**

United States Bankruptcy Court,
S.D. Ohio,
Western Division.

Sept. 3, 2008.

Susan M. Argo, Cincinnati, OH, for Plaintiff.

Daniel J. Wenstrup, Cincinnati, OH, for Defendant.

## ORDER DENYING SECOND MOTION TO DISMISS

JEFFERY P. HOPKINS, Bankruptcy Judge.

This is an action to determine the dischargeability of a debt pursuant to 11 U.S.C. § 523(a)(2). Presently before the Court is the Defendant's second motion to dismiss ("Motion") (Doc. 10) pursuant to Fed.R.Civ.P. 12(b)(6).

Ruling on the Defendant's first dismissal motion, the Court gave the Plaintiff an opportunity to amend his complaint to comply with Fed.R.Civ.P. 9(b). See Doc. 8. Specifically, the Court directed the

Plaintiff to: (1) clarify the time, place and content of alleged misrepresentations and/or omissions; and (2) identify the events and relationship which allegedly gave rise to the Debtor's duty to speak.

Subsequently, the Plaintiff filed an amended complaint. See Doc. 9. The amended complaint includes an additional claim for relief under 11 U.S.C. § 523(a)(6).

The Motion contends that the amended complaint also should be dismissed because: (1) the § 523(a)(2) claim fails to comply with the directives of the Court's prior order; and (2) the § 523(a)(6) claim is time-barred by Fed. R. Bankr.P. 4007(c).

### 523(A)(2) CLAIM[1]

The § 523(a)(2) claim now complies with Rule 9(b). The amended complaint clarifies the time, place and content of the alleged misrepresentations and omissions. See Doc. 9 at ¶¶ 28–32. It also identifies the events and relationship alleged to have given rise to Debtor's duty to speak. See Doc. 9 at ¶¶ 28 & 31.

Rule 9(b) "should not be read as a mere formalism, decoupled from the general rule that a pleading must only be so detailed as is necessary to provide a defendant with sufficient notice to defend against the pleading's claims." *United States v. Ford Motor Co.*, 532 F.3d 496, 503 (6th Cir.2008). The amended complaint satisfies the basic requirements of Rule 9(b) and enables the Defendant to "begin a competent defense." *See id.* at 504.[2]

### 523(A)(6) CLAIM

Whether the § 523(a)(6) claim is time-barred is governed by Fed.R.Civ.P. 15(c)(1)(B), which provides:

An amendment to a pleading relates back to the date of the original pleading when: ... (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading[.]

Even a new legal claim relates back to the original complaint if it arises from the same transaction or occurrence. *Miller v. American Heavy Lift Shipping*, 231 F.3d 242, 248 (6th Cir.2000).

The § 523(a)(6) claim relates back to the original complaint because it arises from the same transaction or occurrence as the § 523(a)(2) claim. Count II, wherein the § 523(a)(6) claim is asserted, does not allege a new transaction or occurrence. To the contrary, it references "the above-described transactions" set forth in the § 523(a)(2) claim. See Doc. 9 at ¶ 38; see also Doc. 9 at ¶ 39 (referencing "the 2004

---

1. The original complaint was predicated upon subsections (A) and (B) of § 523(a)(2). See Doc. 1 at ¶ 24. The Court's prior order directed the Plaintiff to clarify the identity of the writing upon which a § 523(a)(2)(B) claim could be based. The Plaintiff appears to have abandoned the § 523(a)(2)(B) claim in the amended complaint, referencing only § 523(a)(2)(A), See Doc. 9 at ¶ 26.

2. Incidentally, while scrutinizing every suggestion of misrepresentation and/or omission in the amended complaint, perhaps the Defendant fails to consider that a § 523(a)(2)(A) claim need not be based upon misrepresentation. In this jurisdiction, actual fraud also gives rise to § 523(a)(2)(A) liability. *See Mellon Bank, N.A. v. Vitanovich (In re Vitanovich)*, 259 B.R. 873, 877 (6th Cir. BAP 2001) ("[A]ctual fraud as used in 11 U.S.C. § 523(a)(2)(A) is not limited to misrepresentations and misleading omissions. *McClellan*, 217 F.3d at 893. When a debtor intentionally engages in a scheme to deprive or cheat another of property or a legal right, that debtor has engaged in actual fraud and is not entitled to the fresh start provided by the Bankruptcy Code.").

Transaction" identified in the § 523(a)(2) claim).[3]

CONCLUSION

For the foregoing reasons, the Motion is hereby **DENIED.** The Defendant shall have ten days to file an answer to the amended complaint. See Fed. R. Bankr.P. 7012(a).

---

3. The Defendant also argues that Count II does not reference the time and place of the underlying events. The Court disagrees. Be- cause Count II is based upon the same events as Count I, the time and place is alleged in ¶ 28 of the amended complaint.